1  THE VEEN FIRM, P.C.
   Anthony L. Label (Bar No. 205920)
2  Steven A. Kronenberg (Bar No. 215541)
   711 Van Ness Avenue, Suite 220
3  San Francisco, CA 94102
   P.O. Box 7296
4  San Francisco, CA 94120-7296
   Tel:    (415) 673-4800
5  Fax:    (415) 771-5845

6  CHAVEZ & GERTLER LLP
   Jonathan E. Gertler (Bar No. 111531)
7  Dan L. Gildor (Bar No. 223027)
   Samuel P. Cheadle (Bar No. 268595)
8  42 Miller Avenue
   Mill Valley, California 94941
9  Tel:    (415) 381-5599
   Fax:    (415) 381-5572
10
   Attorneys for Plaintiff Digby Adler Group, LLC
11 and the Proposed Class

12 CARROLL, BURDICK & McDONOUGH LLP
   Troy M. Yoshino (Bar No. 197850)
13 Eric J. Knapp (Bar No. 214352)
   Steven E. Swaney (Bar No. 221437)
14 44 Montgomery St., Suite 400
   San Francisco, CA 94104
15 Tel:    (415) 989-5900
   Fax:    (415) 989-0932
16
   Attorneys for Defendant
17 MERCEDES-BENZ USA, LLP

18                UNITED STATES DISTRICT COURT

19        NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

20

| 21 | DIGBY ADLER GROUP, LLC, dba BANDAGO LLC, on behalf of itself and all others similarly situated, | Case No. 3:14-cv-02349 TEH |
|---|---|---|
| 22 | | **JOINT CASE MANAGEMENT STATEMENT** |
| 23 | Plaintiff, | JUDGE: HON. THELTON E. HENDERSON |
| 24 | v. | DATE: April 20, 2015<br>TIME: 1:30 P.M.<br>CRTRM.: 12 |
| 25 | MERCEDES-BENZ U.S.A., LLC; and DOES 1 through 50, inclusive, | |
| 26 | Defendants. | Complaint Filed: April 14, 2014<br>Trial Date: None Set |

CARROLL, BURDICK &
McDONOUGH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

CBM-MERCEDES\SF655990-1                                            Case No. 3:14-cv-02349 TEH
                        JOINT CASE MANAGEMENT STATEMENT

Pursuant to the Standing Order for All Judges of the Northern District of California and Civil Local Rule 16-9, plaintiff Digby Adler Group, LLC ("Plaintiff") and defendant Mercedes-Benz USA, LLC ("MBUSA") (collectively hereinafter, the "Parties"), hereby respectfully submit this Joint Case Management Statement in advance of the case management conference set for April 20, 2015.

1. Jurisdiction & Service

*The basis for the court's subject matter jurisdiction over plaintiff's claims and defendant's counterclaims, whether any issues exist regarding personal jurisdiction or venue, whether any parties remain to be served, and, if any parties remain to be served, a proposed deadline for service.*

The Court has subject matter jurisdiction over this action on two separate bases: (1) original jurisdiction under 28 U.S.C. § 1332(a)(1), because the action is between citizens of different states and the amount in controversy exceeds $75,000; and (2) original jurisdiction under the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2)(A), because plaintiff pleads a class action involving more than $5 million in controversy with a putative class of plaintiffs whose citizenship diverse from MBUSA. No issues exist regarding personal jurisdiction or venue, and no parties remain to be served.

2. Facts and Procedural Background

*A brief chronology of the facts and a statement of the principal factual issues in dispute.*

Plaintiff brings this action on behalf of itself and a class of California residents who purchased or leased a Sprinter van equipped with the rear roof air conditioning package ("AC unit") in the four years preceding the filing of this action. The current operative complaint alleges that the AC units in those vans contained manufacturing and/or design defects that caused water to leak into the interior of the vans. On April 8, 2015, the Court granted MBUSA's motion to dismiss Plaintiff's claim for actual fraud with leave to amend, but denied the motion with regard to Plaintiff's claims for (1) product liability; (2) violation of California's Unfair Competition Law ("UCL") based on allegations of "unfair" business practices; and (3) declaratory relief.

Plaintiff intends to amend the complaint to add additional named plaintiffs and plead claims on behalf of a subclass of consumers for violations of the Song Beverly Warranty Act and the Consumer Legal Remedies Act. Plaintiff has not yet filed its amended complaint or otherwise

CARROLL, BURDICK & MCDONOUGH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

CBM-MERCEDES\SF655990-1

Case No. 3:14-cv-02349 TEH
JOINT CASE MANAGEMENT STATEMENT

provided it to MBUSA. To the extent possible under the circumstances, MBUSA has met-and-conferred with Plaintiff in order to prepare this Joint Case Management Statement; but MBUSA's position is that it cannot fully meet-and-confer, or fully identify for the Court what facts or legal issues may be in dispute, until it has an opportunity to review the new facts and claims that presumably will be contained in the Third Amended Complaint. Thus, this Joint Case Management Statement is based only on the facts and claims alleged in the SAC, and MBUSA reserves its right to supplement and/or correct this Joint Case Management Statement after it receives the proposed Third Amended Complaint.

The Parties have identified the following disputed factual issues with respect to Plaintiff Digby Adler at this stage of the litigation: (1) whether the air conditioning units in the Sprinter vans contain a common manufacturing or design defect; (2) whether MBUSA had knowledge of the alleged defect at the time putative class vehicles were sold; (3) whether Plaintiff Digby knew that the AC units continued to manifest alleged defects at the time of each of its subsequent purchases of class vehicles; and (4) whether the alleged defect has caused injury to all putative class members.

3. <u>Legal Issues</u>
*A brief statement, without extended legal argument, of the disputed points of law, including reference to specific statutes and decisions.*

    a. Plaintiff's statement

Plaintiff brings this action on behalf of all California residents who purchased and/or leased a Sprinter van with an AC unit installed since April 14, 2010. As Plaintiff views the case, the disputed legal issues include: (1) whether the proposed class is presently ascertainable and otherwise meets the requirements for certification under Fed. R. Civ. P. 23, including whether Plaintiff is typical; (2) whether the vans constitute other property for purposes of application of the economic loss doctrine; (3) whether MBUSA has engaged in an unfair business practice in violation of the UCL; and (5) whether declaratory relief is appropriate.

    b. Defendant's statement

Plaintiff has indicated an intent to amend the complaint to add additional plaintiffs and additional claims. Thus, MBUSA cannot fully identify what legal issues or points of law may be

implicated in this case. With those caveats, MBUSA has identified the following key legal issues at this stage of the litigation:

1. Whether plaintiff's product liability claim is precluded by the economic loss doctrine. Plaintiff alleges damage to the class vehicles themselves, and such damage cannot support a product liability claim. *East River S.S. Corp. v. Transam. Delaval, Inc.*, 476 U.S. 858, 867 (1986); *Harlan v. Roadtrek Motorhomes, Inc.*, 2009 WL 928309, at *19 (S.D. Cal. Apr. 2, 2009).

2. Whether plaintiff can recover under product liability law when it was aware of the alleged defect at the time of sale. Basic tenets of tort law preclude plaintiff from recovering when it was aware of the alleged defect at the time it purchased the class vehicles, as plaintiff concedes it was.

3. Whether sale of a product containing a latent defect, standing alone, constitutes an "unfair" business practice under the UCL. *Daugherty v. Am. Honda Motor Co., Inc.*, 144 Cal. App. 4th 824, 839 (2006); *Smith v. Ford Motor Co.*, 749 F. Supp. 2d 980, 997 (N.D. Cal. 2010), *aff'd*, 462 Fed. App'x 660, 664 (9th Cir. 2011).

4. Whether MBUSA owed plaintiff a duty to disclose the alleged defect, where the alleged defect does not constitute a safety concern and plaintiff was aware of it at the time of sale. *Clemens v. DaimlerChrysler Corp.*, 534 F.3d 1017, 1026-27 (9th Cir. 2008); *Birdsong v. Apple, Inc.*, 590 F.3d 955, 961 (9th Cir. 2009).

5. Whether plaintiff's claim for declaratory relief is impermissible because it is duplicative of the relief plaintiff seeks in its other claims; *Guerra v. Sutton*, 783 F.2d 1371, 1376 (9th Cir. 1986); *Custom LED, LLC v. eBay, Inc.*, 2012 WL 1909333, at *5 (N.D. Cal. May 24, 2012.

6. Whether the proposed class is presently ascertainable; and

7. Whether the proposed class meets the requirements for certification under Fed. R. Civ. P. 23. MBUSA believes that individualized issues, such as whether the alleged defect caused injury to all putative class members, will dominate this action. Moreover, a number of unique defenses apply to Plaintiff, making it an atypical class representative. For these reasons, and many more, class certification is inappropriate here.

4. Motions
*All prior and pending motions, their current status, and any anticipated motions.*

On August 25, 2014, MBUSA filed a motion to dismiss the first amended complaint. In response, Plaintiff filed the SAC on September 10, 2014, and on September 15, 2014, the Court terminated MBUSA's motion to dismiss the FAC as moot.

On October 20, 2014, MBUSA filed its Motion to Dismiss Second Amended Complaint for Failure to State a Claim. On April 7, 2015, the Court granted the motion with respect to the Second Cause of Action (Actual Fraud) and denied the motion with respect to all other claims. The Court gave Plaintiff leave to amend the complaint by April 28, 2015.

MBUSA has not yet seen the proposed amended complaint.  Depending on the factual allegations and legal theories asserted, MBUSA may make a further motion to dismiss the amended complaint.

At a later date, Plaintiff anticipates filing a motion for class certification.  MBUSA anticipates that it may file a motion for summary judgment as well as a motion to deny class certification.

5.  Amendment of Pleadings
*The extent to which parties, claims, or defenses are expected to be added or dismissed and a proposed deadline for amending the pleadings.*

The Court has given Plaintiff leave to file an amended complaint no later than April 28, 2015.  Plaintiff intends to add additional named plaintiffs and claims on behalf of a subclass of consumers for violations of the Song Beverly Warranty Act and the Consumer Legal Remedies Act.  Because Plaintiff has not yet filed an amended complaint, MBUSA cannot state at this time whether it will answer the complaint or move to dismiss.  The Parties do not anticipate any further amendment of pleadings at this time, other than Plaintiff amending the complaint to assert a claim for damages pursuant to the Consumers Legal Remedies Act pursuant to California Civil Code section 1782(e).

6.  Evidence Preservation
*A brief report certifying that the parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines"), and confirming that the parties have met and conferred pursuant to Fed. R. Civ. P. 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action. See ESI Guidelines 2.01 and 2.02, and Checklist for ESI Meet and Confer.*

The Parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines"), and have met and conferred pursuant to Fed. R. Civ. P. 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action.  MBUSA has instructed relevant personnel who may have discoverable information in their possession to retain all available potentially relevant information on issues related to claims raised in this litigation.

## 7. Disclosures

*Whether there has been full and timely compliance with the initial disclosure requirements of Fed. R. Civ. P. 26 and a description of the disclosures made.*

The Parties have agreed to exchange the initial disclosures required by Federal Rule of Civil Procedure 26(a)(1) by June 1, 2015.

## 8. Discovery

*Discovery taken to date, if any, the scope of anticipated discovery, any proposed limitations or modifications of the discovery rules, a brief report on whether the parties have considered entering into a stipulated e-discovery order, a proposed discovery plan pursuant to Fed. R. Civ. P. 26(f), and any identified discovery disputes.*

No discovery has been undertaken yet.  The Parties anticipate propounding written discovery requests; deposing Plaintiff and Plaintiff's CEO, MBUSA representatives, individuals with knowledge of the condition of Plaintiff's vehicles, including service personnel, and expert witnesses on class certification issues; inspecting the vehicles plaintiff puts at issue, as well as any allegedly defective components in Plaintiff's possession, custody, or control; and potentially seeking discovery from unnamed putative class members and third parties.  At this time, the Parties do not propose any limitations or modifications of the discovery rules.  The Parties anticipate that they will enter into a stipulated protocol governing the production of documents and electronically stored information, as well as an agreement to protect confidential, proprietary, and trade secret information.

At this time, the Parties are not aware of any discovery disputes in need of resolution.

a. Plaintiff's statement

Plaintiff does not believe that the Court should set a discovery cut off at this time.  Plaintiff will work to file a motion for class certification expeditiously.  Plaintiff believes that any discovery cut off be set after the Court rules on the motion for class certification and trial is set in this matter.  Plaintiff believes that the Court should set another case management conference in 120 days to allow the parties to conduct discovery.  At that point, Plaintiff will be in a better place to commit to a date by which it will file a motion for class certification as well as a briefing schedule.

1  b. Defendant's statement

2  In the interest of moving this action forward in an efficient manner, Defendant proposes
3  the following schedule for discovery and other matters leading up to the Court's hearing on the
4  issue of class certification:

| | |
|---|---|
| December 31, 2015 | Conclusion of Fact Discovery |
| February 1, 2016 | Plaintiff's Motion for Class Certification Due (including expert declarations supporting class certification) |
| March 18, 2016 | Deadline for Completing Depositions of Plaintiff's Class Certification Experts |
| April 11, 2016 | MBUSA's Opposition to Class Certification Due (including expert declarations opposing class certification) |
| May 6, 2016 | Deadline for Completing Depositions of MBUSA's Class Certification Experts |
| May 27, 2016 | Plaintiff's Reply in Support of Class Certification Due |
| June 20, 2016 | *Daubert* Motions re Class Certification Experts Due |
| August 8, 2016 | Hearing on Class Certification, *Daubert* Motions |

9. Class Actions

*If a class action, a proposal for how and when the class will be certified.*

Plaintiff intends to move for class certification without delay, but only after conducting appropriate and necessary discovery to establish the basis for the certification of the claims. Plaintiff requests that the Court set another case management conference in 120 days at which point Plaintiff will have begun to conduct discovery and will have a better idea of when it will be prepared to file a motion for class certification as well as a briefing schedule.

10. Related Cases

*Any related cases or proceedings pending before another judge of this court, or before another court or administrative body.*

The Parties are unaware of any related cases that are currently pending before this or any other court.

## 11. Relief

*All relief sought through complaint or counterclaim, including the amount of any damages sought and a description of the bases on which damages are calculated. In addition, any party from whom damages are sought must describe the bases on which it contends damages should be calculated if liability is established.*

Plaintiff requests judgment in the form of an order certifying the proposed class and appointing Plaintiff and its counsel to represent the class; injunctive and declaratory relief; an award of damages and restitution; interest as allowable by law; an award of reasonable attorneys' fees as provided by applicable law; all costs of suit; and such other and further relief as this Court deems just and proper.

MBUSA asserts no counterclaims in this action and seeks no damages or any other relief aside from dismissal of Plaintiff's claims.

The Parties maintain that calculating or estimating the amount of damages sought is premature until this Court decides the issue of class certification.

## 12. Settlement and ADR

*Prospects for settlement, ADR efforts to date, and a specific ADR plan for the case, including compliance with ADR L.R. 3-5 and a description of key discovery or motions necessary to position the parties to negotiate a resolution.*

The Parties previously engaged in direct negotiations regarding a potential settlement of Plaintiff's claims on an individual basis.  Although MBUSA previously indicated its willingness to continue those negotiations, Plaintiff no longer believes that individual settlement would be appropriate.  Because MBUSA maintains that this action is not suitable for class treatment and that Plaintiff will be unable to meet the requirements for class certification under Fed. R. Civ. P. 23, MBUSA does not see class settlement as an option at this time.

## 13. Consent to Magistrate Judge For All Purposes

*Whether all parties will consent to have a magistrate judge conduct all further proceedings including trial and entry of judgment.*

___ Yes  _X_ No

## 14. Other References

*Whether the case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.*

At this stage in the litigation, the Parties do not believe that the case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

### 15. Narrowing of Issues

*Issues that can be narrowed by agreement or by motion, suggestions to expedite the presentation of evidence at trial (e.g., through summaries or stipulated facts), and any request to bifurcate issues, claims, or defenses.*

The Parties anticipate that the discovery process may provide a basis for narrowing the issues in this action or agreement on certain factual and/or legal issues. MBUSA believes that issues relating to Plaintiff's claims can potentially be resolved on a motion for summary judgment. Plaintiff believes that issues may be narrowed after class certification through motions for summary adjudication.

### 16. Expedited Trial Procedure

*Whether this is the type of case that can be handled under the Expedited Trial Procedure of General Order 64, Attachment A. If all parties agree, they shall instead of this Statement, file an executed Agreement for Expedited Trial and a Joint Expedited Case Management Statement, in accordance with General Order No. 64, Attachments B and D.*

The Parties do not believe that this case can be handled under the Expedited Trial Procedure of General Order 64, Attachment A.

### 17. Scheduling

*Proposed dates for designation of experts, discovery cutoff, hearing of dispositive motions, pretrial conference and trial.*

The Parties disagree as to the schedule for discovery and class certification. However, the Parties do agree that it is premature to set a pretrial conference date and a trial date. The scope and duration of trial will depend on whether the class is certified, and so the parties propose that dates for the pretrial conference and trial be determined after this Court issues an order either certifying the class or denying certification.

### 18. Trial

*Whether the case will be tried to a jury or to the court and the expected length of the trial.*

The Parties agree that the case will be tried to a jury with the exception of claims arising under the California Unfair Competition Law, which are to be tried by the Court. The Parties believe that each side's case-in-chief will require 10 days in the event the case proceeds to trial on a class-wide basis.

### 19. Disclosure of Non-party Interested Entities or Persons

*Whether each party has filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-16. In addition, each party must restate in the case management statement the contents of its certification by identifying any persons, firms, partnerships, corporations (including parent corporations) or other entities known by the party to have either: (i) a financial interest in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding.*

In compliance with Local Rule 3-15, MBUSA filed a Certification of Interested Entities or Persons on May 21, 2014. In this Joint Case Management Statement and in its filed certification, MBUSA identifies its parent corporation Daimler North America Corporation ("DNAC"). MBUSA further discloses that DNAC is a subsidiary of Daimler AG, a publicly-held German Aktiengesellschaft. No publicly-held corporation owns 10% or more of the stock of Daimler AG.

20. <u>Professional Conduct</u>
*Whether all attorneys of record for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.*

All attorneys of record for both Plaintiff and MBUSA have reviewed the Guidelines for Professional Conduct for the Northern District of California.

21. <u>Other</u>
*Such other matters as may facilitate the just, speedy and inexpensive disposition of this matter.*

At this time, the Parties have no other matters to present.

Dated: April 13, 2015                CARROLL, BURDICK & McDONOUGH LLP

                                     By     */s/ Troy M. Yoshino*
                                        Troy M. Yoshino
                                        Attorneys for Defendant
                                        MERCEDES-BENZ U.S.A., LLC

Dated: April 13, 2015                Respectfully submitted,

                                     CHAVEZ & GERTLER LLP

                                     By     */s/ Dan L. Gildor*
                                        Dan L. Gildor
                                        Attorneys for Plaintiff
                                        DIGBY ADLER GROUP LLC

**L.R. 5-1(i)(3) Certification**
Pursuant to Local Rule 5-1(i)(3), the filer of the document attests that concurrence in the filing of the document has been obtained from each of the other Signatories