Troy M. Yoshino, Bar No. 197850
  tyoshino@cbmlaw.com
Eric J. Knapp, Bar No. 214352
  eknapp@cbmlaw.com
Steven E. Swaney, Bar No. 221437
  sswaney@cbmlaw.com
**CARROLL, BURDICK & McDONOUGH LLP**
Attorneys at Law
44 Montgomery Street, Suite 400
San Francisco, California 94104
Telephone:    415.989.5900
Facsimile:     415.989.0932

Attorneys for Defendant
MERCEDES-BENZ USA., LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| DIGBY ADLER GROUP, LLC, dba BANDAGO LLC, and BENJAMIN ROBLES, an individual, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>MERCEDES-BENZ USA, LLC,<br><br>Defendant. | Case No. 3:14-cv-02349 TEH<br><br>**MERCEDES-BENZ USA, LLC'S NOTICE OF MOTION AND MOTION TO DISMISS THIRD AMENDED COMPLAINT IN PART FOR FAILURE TO STATE A CLAIM; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**<br><br>[FED. R. CIV. P. 12(B)(6)]<br><br>Judge:   Hon. Thelton E. Henderson<br>Date:    July 27, 2015<br>Time:    10:00 a.m.<br>Crtrm.:   2 |

**NOTICE OF MOTION AND MOTION TO DISMISS**

TO PLAINTIFFS AND THEIR ATTORNEYS OF RECORD:

NOTICE IS HEREBY GIVEN that on Monday, July 27, 2015, at 10:00 a.m. or as soon thereafter as counsel may be heard, before the Honorable Thelton E. Henderson in Courtroom 2 of the United States Courthouse, located at 450 Golden Gate Ave., San Francisco, California, defendant Mercedes-Benz USA, LLC ("MBUSA") will and hereby does move the Court to dismiss plaintiffs' Third Amended Complaint (TAC) in part. Specifically, by this motion, pursuant to Fed. R. Civ. P. 8, 9(b), and 12(b)(6), MBUSA seeks an order dismissing the Second, Third, Fourth, Fifth, and Seventh Causes of Action from the TAC for failure to state a claim upon which relief can be granted.

This motion is based on this Notice of Motion and Motion, the Memorandum of Points and Authorities contained herein, the pleadings and papers on file, and upon such other matters as may be presented to the Court at the time of the hearing.

Dated: May 26, 2015

Respectfully submitted,

CARROLL, BURDICK & McDONOUGH LLP

By /s/ *Troy M. Yoshino*
TROY M. YOSHINO
**ATTORNEYS FOR DEFENDANT MERCEDES-BENZ USA, LLC**

# TABLE OF CONTENTS

Page

INTRODUCTION ........................................................................................................................... 1

PROCEDURAL BACKGROUND AND SUMMARY OF RELEVANT ALLEGATIONS ........................ 2

ARGUMENT .................................................................................................................................. 3

I. PLAINTIFF ROBLES'S OMISSIONS-BASED CLAIMS FAIL BECAUSE THE FACTS ALLEGED DO NOT ESTABLISH THAT MBUSA HAD A DUTY TO DISCLOSE ............ 4

    A. The TAC Fails to Allege Facts Establishing MBUSA's Exclusive Knowledge ............................................................................................................ 4

        1. Customer Complaints Cannot Establish Knowledge of a "Defect" ............... 4

        2. The TAC's Allegations Regarding Warranty and Replacement Part Data Are Too Speculative to Support an Inference of Knowledge ............... 7

        3. A Service Bulletin Cannot Establish the Existence of a "Defect" ................. 8

    B. The TAC Contains No Facts Showing Active Concealment ..................................... 8

II. PLAINTIFFS FAIL TO PLEAD FACTS SUPPORTING A CLAIM BASED UPON AFFIRMATIVE MISREPRESENTATIONS ............................................................................................. 9

    A. Robles Cannot Base a Fraud Claim on Sales Puffery ................................................ 9

    B. Plaintiffs' Fraudulent Misrepresentation Claims Should Be Dismissed with Prejudice ................................................................................................................. 10

III. THE TAC FAILS TO STATE A CLAIM UNDER THE SONG-BEVERLY WARRANTY ACT ............ 11

    A. MBUSA Did Not Breach the Express Warranty ..................................................... 11

    B. The Alleged Defect Did Not Render Robles's Vehicle Unmerchantable ................ 12

IV. ROBLES CANNOT ASSERT A PRODUCTS LIABILITY CLAIM ....................................... 13

V. THE FRAUD-BASED CLAIMS MUST BE DISMISSED AS TO PLAINTIFF DIGBY ADLER ......... 14

CONCLUSION ............................................................................................................................. 14

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Am. Suzuki Motor Corp. v. Sup. Ct.*,
    37 Cal. App. 4th 1291 (1995) ................................................................................................ 12

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) .................................................................................................................. 3

*Baba v. Hewlett Packard Co.*,
    2012 WL 5336971 (N.D. Cal. Oct. 26, 2012) ........................................................................ 13

*Baba v. Hewlett-Packard Co.*,
    2010 WL 2486353 (N.D. Cal. June 16, 2010) ................................................................. 5, 6, 7

*Baltazar v. Apple*,
    2011 WL 588209 (N.D. Cal. Feb. 10, 2011) ........................................................................... 6

*Bell Atlantic Corp. v. Twombly*,
    550 U.S. 544 (2007) .................................................................................................................. 3

*Berenblat v. Apple, Inc.*,
    2010 WL 1460297 (N.D. Cal. Apr. 9, 2010) ....................................................................... 5, 6

*Bernstein v. Vocus, Inc.*,
    2014 WL 3673307 (N.D. Cal. July 23, 2014) .......................................................................... 3

*Brothers v. Hewlett-Packard Co.*,
    2006 WL 3093685 (N.D. Cal. Oct. 31, 2006) ........................................................................ 10

*Callaghan v. BMW of N. Am., LLC*,
    2014 WL 6629254 (N.D. Cal. Nov. 21, 2014) ........................................................................ 7

*Czucaj v. Conair Corp.*,
    2014 WL 1664235 (S.D. Cal. Apr. 18, 2014) .......................................................................... 9

*Erlandson v. Ford Motor Co.*,
    2009 WL 3672898 (D. Or. Oct. 30, 2009) .............................................................................. 8

*Ferranti v. Hewlett-Packard Co.*,
    2014 WL 4647962 (N.D. Cal. Sept. 16, 2014) ........................................................................ 6

*Fisher v. Honda N. Am., Inc.*,
    2014 WL 2808188 (C.D. Cal. June 12, 2014) ..................................................................... 7, 8

*Gertz v. Toyota Motor Corp.*,
    2011 WL 3681647 (C.D. Cal. Aug. 22, 2011) ................................................................. 12, 13

*Glen Holly Entm't, Inc. v. Tektronix Inc.*,
    343 F.3d 1000 (9th Cir. 2003) ................................................................................................ 10

# TABLE OF AUTHORITIES
### (CONTINUED)

Page(s)

*Gray v. Toyota Motor Sales*,
    2012 WL 313703 (C.D. Cal. Jan. 23, 2012) ................................................................. 9

*Grodzitsky v. Am. Honda Motor Co.*,
    2013 WL 690822 (C.D. Cal. Feb. 19, 2013) ................................................................. 4

*Herremans v. BMW of N. Am., LLC*,
    2014 WL 5017843 (C.D. Cal. Oct. 3, 2014) ................................................................. 5

*Hovsepian v. Apple, Inc.*,
    2009 WL 2591445 (N.D. Cal. Aug. 21, 2009) ......................................................... 12, 13

*KB Home v. Superior Court*,
    112 Cal. App. 4th 1076 (2003) ..................................................................................... 14

*Kearns v. Ford Motor Co.*,
    567 F.3d (9th Cir. 2009) ................................................................................................ 3

*Keegan v. Am. Honda Motor Co.*,
    838 F. Supp. 2d 929 (C.D. Cal. 2012) ......................................................................... 12

*Lacey v. Maricopa County*,
    693 F.3d 896 (9th Cir. 2012) ....................................................................................... 14

*Marcus v. Apple Inc.*,
    2015 WL 151489 (N.D. Cal. Jan. 8, 2015) ........................................................... 6, 7, 13

*McCullough v. Beech Aircraft Corp.*,
    587 F.2d 754 (5th Cir. 1979) ........................................................................................ 8

*Nelson v. Nissan N. Am., Inc.*,
    894 F. Supp. 2d 558 (D.N.J. 2012) ............................................................................. 13

*Oestreicher v. Alienware Corp.*,
    544 F. Supp. 2d 964 (N.D. Cal. 2008) ..................................................................... 1, 6

*Priebe v. Autobarn, Ltd.*,
    240 F.3d 584 (7th Cir. 2001) ....................................................................................... 13

*Robinson Helicopter Co., Inc. v. Dana Corp.*,
    34 Cal. 4th 979 (2004) ................................................................................................. 14

*Smith v. Ford Motor Co.*,
    749 F. Supp. 2d 980 (N.D. Cal. 2010) ......................................................................... 4

*Smith v. LG Elec. U.S.A., Inc.*,
    2014 WL 989742 (N.D. Cal. Mar. 11, 2014) ............................................................... 4

*Suddreth v. MBUSA*,
    2011 WL 5240965 (D.N.J. Oct. 31, 2011) .................................................................... 8

Case3:14-cv-02349-TEH   Document46   Filed05/26/15   Page6 of 20

**TABLE OF AUTHORITIES**
**(CONTINUED)**

Page(s)

*Sumer v. Carrier Corp.*,
    2015 WL 758314 (N.D. Cal. Feb. 20, 2015) ................................................................. 11

*Swartz v. KPMG LLP*,
    476 F.3d 756 (9th Cir. 2007) ........................................................................................ 10

*Tae Hee Lee v. Toyota Motor Sales, U.S.A., Inc.*,
    992 F. Supp. 2d 962 (C.D. Cal. Jan. 9, 2014) .............................................................. 12

*Taragan v. Nissan N. Am., Inc.*,
    2013 WL 3157918 (N.D. Cal. June 20, 2013) ................................................................ 9

*Tietsworth v. Sears, Roebuck & Co.*,
    2009 WL 3320486 (N.D. Cal. Oct. 13, 2009) ......................................................... 10, 12

*Troup v. Toyota Motor Corp.*,
    545 Fed. App'x 668 (9th Cir. 2013) ............................................................................. 11

*Williams v. Salvation Army*,
    2015 WL 685356 (C.D. Cal. Feb. 18, 2015) ................................................................ 11

*Williams v. Yamaha Motor Corp., U.S.A.*,
    2015 WL 2375906 (C.D. Cal. Apr. 29, 2015) ................................................................ 7

*Wilson v. Hewlett-Packard Co.*,
    668 F.3d 1136 (9th Cir. 2012) ................................................................................passim

*Zambrano v. CarMax Auto Superstores, LLC*,
    2014 WL 228435 (S.D. Cal. Jan. 21, 2014) ................................................................. 13

**Statutes**

California Business & Professions Code
    Section 17200 *et seq.* ..................................................................................................... 2

California Civil Code
    Section 1794(a) ............................................................................................................ 11
    Section 1795.91 ............................................................................................................. 8

**Other Authorities**

9 B.E. Witkin, *Torts*, *Summary of California Law* § 774 (10th ed. 2005) .......................... 10

**Rules**

Federal Rules of Civil Procedure
    9(b) ...................................................................................................................... 2, 4, 10

CBM-MERCEDES\SF657439-1                          -iv-                       Case No. 3:14-cv-02349 TEH
MBUSA'S NOTICE OF MOTION & MOTION TO DISMISS; MPA ISO SAME

# MEMORANDUM OF POINTS AND AUTHORITIES

## INTRODUCTION

The Third Amended Complaint ("TAC"), now the fourth pleading in this putative class action, is brought by two differently situated plaintiffs who assert different claims based on vastly different experiences with allegedly defective rear roof-mounted air conditioning units in Mercedes-Benz Sprinter vans. The primary difference between the TAC and the Second Amended Complaint ("SAC") is the addition of a new plaintiff, Benjamin Robles, who asserts fraud- and warranty-based claims on behalf of the same class, even though these are the very claims that the original plaintiff, Digby Adler Group, LLC, abandoned because it cannot plausibly allege those claims for itself. The attempt to resurrect those claims through a different plaintiff fails because the TAC's new allegations are insufficient to state fraud- and warranty-based claims on behalf of Robles either.

Robles's fraud-based claims fail because, among other things, the facts pled in the TAC do not establish MBUSA knew to a substantial certainty that the rear air-conditioning unit in Robles's model-year 2011 Sprinter van was "defective" at the time Robles purchased it in June 2012, nor does the TAC allege that MBUSA made any actionable misrepresentations regarding the rear air-conditioning unit. Plaintiffs try to establish MBUSA's exclusive knowledge of the alleged defect by vaguely referring to undated "consumer complaints" regarding water leaks from rear air-conditioning units, but courts—including the Ninth Circuit—have held that "[r]andom anecdotal examples of disgruntled customers posting their views on websites at an unknown time is not enough to impute knowledge upon defendants." *Oestreicher v. Alienware Corp.*, 544 F. Supp. 2d 964, 974 n.9 (N.D. Cal. 2008), *aff'd*, 322 Fed. App'x 489 (9th Cir. 2009); *Wilson v. Hewlett-Packard Co.*, 668 F.3d 1136, 1148 (9th Cir. 2012). Plaintiffs' attempt to rely on undated "warranty service requests" and "the sale of replacement parts" is insufficient for the same reasons—the TAC lacks necessary facts to support an inference that such data made MBUSA aware in June 2012 that Robles's vehicle contained the alleged defect. And plaintiffs' allegations regarding supposed affirmative misrepresentations are precisely the same allegations that the Court held to be insufficient to state a claim for fraud under Rule 9(b). *See* Dkt. No. 38 at 4-7.

Robles also fails to state a claim for breach of warranty under California's Song-Beverly

1  Warranty Act.  The TAC is clear that each time the rear air-conditioning unit in Robles's vehicle
2  leaked water, the issue was redressed under warranty at no cost to Robles.  Thus, Robles cannot
3  claim a purported breach of express warranty.  Nor do the facts establish a breach of any implied
4  warranty.  Robles does not claim that the alleged defect rendered his vehicle inoperable or unsafe;
5  he alleges only that on four occasions "the AC unit leaked water inside the passenger compartment
6  of the van and on its passenger seats."  TAC ¶¶ 21-24.  Under well-settled law, this is insufficient
7  to demonstrate that the vehicle was unmerchantable.  The implied warranty of merchantability
8  does not guarantee a perfect or problem-free vehicle, and the alleged defect here is not so
9  fundamental or serious that it renders the vehicle unfit for its ordinary purpose—especially since
10 both plaintiffs have continued to use their vehicles, and purchase new ones, notwithstanding the
11 alleged water leaks.

12      Finally, the TAC asserts a product-liability claim "On Behalf of Plaintiff Bandago and the
13 Class" (TAC at p. 12) which is alleged to include plaintiff Robles, but there are no allegations that
14 Robles has suffered the type of damages that are recoverable under a product-liability theory.
15 Similarly, the TAC asserts fraud-based claims "On Behalf of Plaintiff Robles and the Class" (TAC
16 at pp. 14, 23) which is alleged to include plaintiff Digby Adler, but the Court has already held that
17 the alleged facts (which are essentially the same as the SAC) are insufficient to support fraud-based
18 claims by Digby Adler.  Moreover, Digby Adler has waived its fraud-based claims in any event.

19            **PROCEDURAL BACKGROUND AND SUMMARY OF RELEVANT ALLEGATIONS**

20      On April 14, 2014, plaintiff Digby Adler filed this putative class action in San Francisco
21 County Superior Court, asserting class-action claims for strict liability, breach of warranty,
22 fraudulent omission, "fraudulent" and "unfair" business practices under Cal. Bus. & Prof. Code
23 §§ 17200 *et seq.* ("UCL"), and declaratory relief.  *See* Dkt. No. 1 Ex. A.  After Digby Adler twice
24 amended the complaint, MBUSA moved to dismiss the SAC on October 20, 2014.  *See* Dkt. Nos.
25 13, 21 & 24.  On April 7, 2015, the Court granted MBUSA's motion in part, dismissing Digby
26 Adler's fraud claims for failure to allege fraudulent misrepresentations with specificity as required
27 by Rule 9(b).  *See* Dkt. No. 38.  The Court granted leave to amend, and on April 28, 2015, the
28 TAC was filed.  *See* Dkt. No. 41.

The allegations relating to plaintiff Digby Adler group are summarized in MBUSA's motion to dismiss the SAC (Dkt. No. 24 at pp. 3-4), and they remain essentially unchanged in the TAC— although Digby Adler has chosen ***not*** to re-plead the fraudulent misrepresentation claim that the Court dismissed in its April 7 order.  The principal change to the TAC is the addition of Benjamin Robles as a named plaintiff and five new causes of action on Robles's behalf.  According to the TAC, Robles purchased a new Sprinter van in June 2012.  TAC ¶ 20.  The vehicle was covered by a six year/125,000 mile extended warranty.  *Id*.  Robles claims the rear air-conditioning unit has "leaked water into the van's passenger compartment and on its passenger seats."  *Id*. ¶¶ 22-24.  Each time these leaks occurred, Robles brought the vehicle to an authorized Mercedes-Benz dealership, and repairs were made to the rear air-conditioning unit under warranty at no cost to Robles.  *See id.*

Based on those allegations, Robles brings a common-law fraudulent concealment claim, fraudulent, unfair, and unlawful business practice claims under the UCL, a claim under the CLRA, and a breach of warranty claim under the Song-Beverly Warranty Act.  TAC at pp. 14-25.  Plaintiff Digby Adler separately asserts a product liability claim, and both plaintiffs assert a claim for declaratory relief.  *Id*. at pp. 12, 25.  Plaintiffs bring these claims on their own behalves and on behalf of all California owners and lessees of 2010–14 Mercedes-Benz Sprinter vans equipped with the "Rear Roof Air Conditioning Package," which are allegedly "defective" as the rear air conditioning units have "a propensity" to leak water into the passenger compartment.  *Id.* ¶¶ 1-3.

## ARGUMENT

To survive a motion to dismiss, a complaint must plead facts to create a "reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  The "[f]actual allegations must be enough to raise a right to relief above the speculative level."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007).  "Threadbare" allegations are not enough; the rules require "more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Iqbal*, 556 U.S. at 678.  Furthermore, where, as here, the claims sound in fraud, plaintiffs' claims are subject to even stricter standards.  *See* Fed. R. Civ. P. 9(b); *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125 (9th Cir. 2009); *Bernstein v. Vocus, Inc.*, 2014 WL 3673307, at *5 (N.D. Cal. July 23, 2014).

I.  **PLAINTIFF ROBLES'S OMISSIONS-BASED CLAIMS FAIL BECAUSE THE FACTS ALLEGED DO NOT ESTABLISH THAT MBUSA HAD A DUTY TO DISCLOSE**

Plaintiff Robles asserts three causes of action based on the alleged non-disclosure of the "defect"—common-law fraudulent concealment, a CLRA claim, and a fraud-based claim under the UCL.  TAC at pp. 14, 17, 23.  All three claims fail because the facts pled in the TAC do not establish a duty to disclose.  "Under California law, there are four circumstances in which an obligation to disclose may arise: (1) when the defendant is in a fiduciary relationship with the plaintiff; (2) when the defendant had exclusive knowledge of material facts not known to the plaintiff; (3) when the defendant actively conceals a material fact from the plaintiff; and (4) when the defendant makes partial representations but also suppresses some material facts." *Smith v. Ford Motor Co.*, 749 F. Supp. 2d 980, 987 (N.D. Cal. 2010).  Robles claims that MBUSA had a duty to disclose based on alleged "exclusive knowledge" and "active concealment" of the "defect" (TAC ¶ 75), but he fails to allege facts necessary to support either theory.

　　A.　**The TAC Fails to Allege Facts Establishing MBUSA's Exclusive Knowledge**

The TAC's formulaic allegations do not satisfy the pleading requirements of Rule 9(b).  *See Smith v. LG Elec. U.S.A., Inc.*, 2014 WL 989742, at *12 (N.D. Cal. Mar. 11, 2014) (bare contentions that defendant was "aware" or "knew" of alleged defect were "mere conclusory assertions" insufficient to establish knowledge and intent).  Robles claims MBUSA had exclusive knowledge that his vehicle's rear air-conditioning unit was "defective" based on the existence of "customer complaints," "warranty service requests and the sale of replacement parts," and a "service bulletin issued in 2010."  TAC ¶ 26.  Each of these allegations fails as a matter of law.

　　　　1.　**Customer Complaints Cannot Establish Knowledge of a "Defect"**

First, plaintiffs cannot rely on "customer complaints" to establish that MBUSA knew a defect existed in plaintiff Robles's rear air-conditioning unit in June 2012.  *See Grodzitsky v. Am. Honda Motor Co.*, 2013 WL 690822, at *6 (C.D. Cal. Feb. 19, 2013); *see also Wilson*, 668 F.3d at 1148 (expressing doubt that customer complaints could support "an inference that HP was aware of the defect at the time it sold the Laptops to Plaintiffs" and citing cases reflecting same).  At best, customer complaints "establish[ ] knowledge that there were complaints" and are

"insufficient to show that [a defendant] had knowledge" of a defect. *Berenblat v. Apple, Inc.*, 2010 WL 1460297, at *9 (N.D. Cal. Apr. 9, 2010).

There are sound reasons for this rule. It is beyond dispute that "all [automobile] parts will wear out sooner or later and thus have a limited effective life," *Herremans v. BMW of N. Am., LLC*, 2014 WL 5017843, at *12 (C.D. Cal. Oct. 3, 2014), so the fact that a consumer complained that a part malfunctioned does not indicate that a "defect" was the cause. Nor does the fact that a customer complained about a part malfunction indicate that every such part in every vehicle must contain the same "defect." Indeed, if "customer complaints" were sufficient, it would mean that a distributor or dealer could be charged with knowledge of a systemic "defect" any time a component part malfunctioned and a consumer complained about it—even if it malfunctioned for reasons having nothing to do with a defect, let alone a common defect. Under such a rule, the "[f]ailure of a product to last forever would become a 'defect,' a manufacturer would no longer be able to issue limited warranties, and product defect litigation would become as widespread as manufacturing itself." *Wilson*, 668 F.3d at 1142-43.

Even if plaintiffs could rely on such complaints to establish MBUSA's knowledge, the TAC lacks necessary information regarding those complaints to permit an inference that MBUSA knew in June 2012 that the rear air-conditioning unit in Robles's vehicle contained the alleged defect. The TAC references "videos posted on youtube.com of it 'raining' inside Sprinter vans" and "online forums dedicated to Sprinter vans, like sprinter-source.com, that catalog multiple complaints by owners about leaks." TAC ¶ 26. Yet plaintiffs nowhere allege **when** any of these complaints first appeared. Thus, they cannot be used to establish MBUSA's knowledge. *See Wilson*, 668 F.3d at 1147 ("courts have rejected undated customer complaints offered as a factual basis for a manufacturer's knowledge of a defect because they provide no indication whether the manufacturer was aware of the defect *at the time of sale*."); *Baba v. Hewlett-Packard Co.*, 2010 WL 2486353, at *5 (N.D. Cal. June 16, 2010) (undated online complaints "shed no light on when [defendant] knew of the alleged defects").

Nor does the TAC explain when (or how) MBUSA became aware of such on-line complaints, which were allegedly made by unknown individuals on "youtube.com" or "sprinter-

source.com"—websites that are *not* affiliated with MBUSA. *See, e.g.*, *Ferranti v. Hewlett-Packard Co.*, 2014 WL 4647962, at *5 (N.D. Cal. Sept. 16, 2014) (consumer complaints posted on third-party websites devoted to defendant's products were insufficient to establish defendant's exclusive knowledge of an alleged defect). Indeed, courts have routinely found that such "[r]andom anecdotal examples of disgruntled customers posting their views on websites at an unknown time is not enough to impute knowledge upon defendants." *Oestreicher*, 544 F. Supp. 2d at 974 n.9; *Berenblat*, 2010 WL 1460297, at *9 (N.D. Cal. Apr. 9, 2010); *Baltazar v. Apple, Inc.*, 2011 WL 588209, at *4 (N.D. Cal. Feb. 10, 2011).

Plaintiffs also claim MBUSA knew that the rear air-conditioning unit in Robles's vehicle was "defective" based on "customer calls" to MBUSA's Customer Assistance Center and "feedback from dealerships and other repair facilities" regarding "leaks in and around the AC unit." TAC ¶ 26. But again, these allegations are insufficient because they fail to indicate *when* MBUSA received such "calls" and "feedback." *See Wilson*, 668 F.3d at 1147; *Baba*, 2010 WL 2486353, at *5. Nor does the TAC provide any information regarding the content of "calls" and "feedback" and therefore fails to explain how such "calls" and "feedback" establish a plausibility that MBUSA knew the rear air-conditioning unit in Robles's 2011 Sprinter van was "defective." *See Marcus v. Apple, Inc.*, 2015 WL 151489, at *6 (N.D. Cal. Jan. 8, 2015) (customer complaints about malfunctioning laptops, which were made directly to defendant, were insufficient to establish knowledge because it was unclear that complaints related to alleged defect—as opposed to another cause of the same alleged symptom).

Plaintiffs' allegation that MBUSA knew of the alleged "defect" because "NHTSA has at least six complaints on file regarding such leaks from as early as 2007" (TAC ¶ 26), fails for the same reasons. *See Wilson*, 668 F.3d at 1148; *Berenblat*, 2010 WL 1460297, at *9. The TAC does not allege how many of these complaints were made before Robles purchased his vehicle, when MBUSA allegedly became aware of them, what model-year vehicles they pertained to, or what information they contained. Nor does the TAC allege—because it cannot—that NHTSA took any action based on these six purported complaints. Moreover, even assuming MBUSA was aware of all six complaints before June 2012, such an insignificant number of complaints—representing a

1  miniscule fraction of putative class vehicles, well less than one one-hundredth of one percent—
2  could not possibly establish MBUSA's knowledge of a "defect" in plaintiff's vehicle. *Callaghan*
3  *v. BMW of N. Am., LLC*, 2014 WL 6629254, at *4 (N.D. Cal. Nov. 21, 2014) (eleven consumer
4  complaints to NHTSA insufficient to impute knowledge of defect).

5        Simply put, plaintiffs cannot establish that MBUSA knew in June 2012 that the rear air-
6  conditioning unit in Robles's 2011 Sprinter van was defective by alluding to undated and
7  undescribed "customer complaints." *See Wilson*, 668 F.3d at 1148. The allegations shed no light
8  on when MBUSA knew of the alleged defect, nor do they contain sufficient information to support
9  an inference that such complaints relate to the same defect that allegedly caused the water leaks in
10 Robles's vehicle. *Baba*, 2010 WL 2486353, at *5; *Marcus*, 2015 WL 151489, at *6.

### 2. The TAC's Allegations Regarding Warranty and Replacement Part Data Are Too Speculative to Support an Inference of Knowledge

13       The TAC's allegation—made only "on information and belief"—that MBUSA was aware of
14 the alleged defect because it "maintains a database regarding warranty service requests and tracks
15 the sale of replacement parts" is also insufficient. TAC ¶ 26. Again, the TAC contains no facts
16 establishing what data was contained in those databases, when MBUSA became aware of such
17 data, or how such data shows the existence of a defect in the rear air-conditioning unit installed in
18 Robles's model-year 2011 Sprinter van. For these reasons, courts have held that allegations such
19 as those made here, which suggest MBUSA "should have known of the defect due to the number
20 of repair requests and replacement mechanisms 'likely' made or ordered, are speculative" and
21 cannot support an inference of knowledge. *Fisher v. Honda N. Am., Inc.*, 2014 WL 2808188, at
22 *6 (C.D. Cal. June 12, 2014); *Williams v. Yamaha Motor Corp., U.S.A.*, 2015 WL 2375906, at *11
23 (C.D. Cal. Apr. 29, 2015) (finding it "speculative . . . to infer that Defendant's exposure to these
24 warranty claims necessarily led it to discover [the alleged] defect").

25       Plaintiffs contend this warranty and replacement-part data shows that "an inordinate number
26 of Sprinter vans have experienced leaks in or around the AC unit, particularly compared to other
27 Sprinter vans without the AC unit." TAC ¶ 26. But the number of warranty claims for rear air-
28 conditioning units in Sprinter vans *without* a rear air-conditioning unit is, quite obviously, zero.

Plaintiffs cannot demonstrate that the number of rear air-conditioning units leaks in Sprinter vans is "inordinate" by comparing them to vehicles that do not even contain rear air-conditioning units.

### 3.   A Service Bulletin Cannot Establish the Existence of a "Defect"

Finally, plaintiffs attempt to establish MBUSA's knowledge by alleging that it has issued "several technical service bulletins . . . detailing the steps to take to address leaks . . . including at least one such bulletin issued in 2010." TAC ¶ 26. This Court already has held that, under California law, service bulletins cannot be used to establish the existence of a defect. Dkt. No. 38 at 5 (citing Cal. Civ. Code § 1795.91). For good reason—service bulletins are merely instructions describing certain repair procedures; they say nothing about whether the repair is to address a "defect," as opposed to one of the many other reasons why a component part might require repair, such as wear and tear, accident, lack of maintenance, etc. *See, e.g.*, *Suddreth v. MBUSA*, 2011 WL 5240965, at *1 n.3 (D.N.J. Oct. 31, 2011) (recognizing that a service bulletin is merely "a document disseminated internally that informs Mercedes technicians how to diagnose and repair the identified problem"); *Erlandson v. Ford Motor Co.*, 2009 WL 3672898, at *4 (D. Or. Oct. 30, 2009) (a service bulletin "does not constitute an admission by Defendant that a defect exists . . . because it is no more than a recommended repair method"); *McCullough v. Beech Aircraft Corp.*, 587 F.2d 754, 758 (5th Cir. 1979) (affirming directed verdict as the service bulletin and other proffered evidence could not establish that "components supplied by Continental were defective in design or in manufacture").

Even if a service bulletin could be used to establish knowledge of a defect, the TAC lacks sufficient facts to establish such knowledge. Plaintiffs allege the existence of one bulletin at the time plaintiff Robles purchased his vehicle in June 2012, yet plaintiffs do not allege the contents of this bulletin. As this Court previously has held, because plaintiffs fail to allege facts describing the bulletin's content, plaintiffs cannot state a claim based on the service bulletin. *See* Dkt. 38 at 5:15-19; *see also, e.g.*, *Fisher*, 2014 WL 2808188, at *6 (C.D. Cal. June 12, 2014) (service bulletins could not establish defendant's knowledge of alleged defect where it was "not clear how the [bulletins] relate to the alleged defect" in plaintiffs' vehicles).

### B.   The TAC Contains No Facts Showing Active Concealment

Plaintiffs' "active concealment" claim also fails because the TAC offers no facts to support

1  it. To allege active concealment, plaintiffs "must assert **affirmative acts** of concealment; *e.g.*, that
2  the defendant 'sought to suppress information in the public domain or obscure the consumers'
3  ability' to discover it." *Taragan v. Nissan N. Am., Inc.*, 2013 WL 3157918, at *7 (N.D. Cal. June
4  20, 2013) (emphasis added) (quoting *Gray v. Toyota Motor Sales, U.S.A.*, 2012 WL 313703, at
5  *10 (C.D. Cal. Jan. 23, 2012)). "Mere nondisclosure does not constitute active concealment."
6  *Czucaj v. Conair Corp.*, 2014 WL 1664235, at *5 (S.D. Cal. Apr. 18, 2014).

7      The TAC's allegations fall well short of meeting these requirements. Beyond the mere legal
8  conclusion that MBUSA "actively concealed" the alleged defect, the TAC offers no facts showing
9  any affirmative acts by MBUSA to suppress information regarding the alleged defect or prevent
10 customers' ability to discover it. Indeed, the factual allegations are to the contrary. *See* Dkt No.
11 38 at 8:6-8 (facts in SAC were clear that MBUSA "made no effort to hide" any alleged issue).
12 Simply put, "plaintiffs offer nothing more than 'conclusory' allegations that [MBUSA] 'actively
13 concealed' the defect," which is insufficient to state a claim. *Taragan*, 2013 WL 3157918, at *7.

## II. PLAINTIFFS FAIL TO PLEAD FACTS SUPPORTING A CLAIM BASED UPON AFFIRMATIVE MISREPRESENTATIONS

16     In its ruling on MBUSA's motion to dismiss the SAC, the Court held that the facts alleged
17 did not identify any affirmative misrepresentations regarding the rear air-conditioning units that
18 could form the basis for a fraud claim against MBUSA. *See* Dkt. No. 38 at 4-7. The TAC again
19 asserts fraudulent misrepresentation claims, nominally on behalf of newly added plaintiff
20 Robles—but those claims are based on the same factual allegations that the Court has already held
21 to be insufficient. Thus, Robles's misrepresentation claims must be dismissed, and the dismissal
22 should be with prejudice this time.

### A. Robles Cannot Base a Fraud Claim on Sales Puffery

24     Robles's CLRA and UCL claims are based in part on alleged "affirmative representations"
25 about Sprinter vans (TAC ¶¶ 75, 103), but the TAC identifies no representations beyond mere
26 sales puffery. According to the TAC, MBUSA represented to Robles that Sprinter vans possessed
27 "best in class features," "embodied Mercedes-Benz quality and durability [and] that Mercedes
28 stood behind its vehicles" (*id.* ¶ 25), and "were award-winning vehicles that were the best

commercial vehicle in the segment . . . that continue 'to set the industry standards for reliability and technological advancement'" (*id*. ¶ 103). As the Court has already held in this case, statements such as these are "mere puffery" that are not actionable as a matter of law. Dkt. No. 38 at 4-5 (citing *Glen Holly Entm't, Inc. v. Tektronix Inc.*, 343 F.3d 1000, 1015 (9th Cir. 2003) ("statements [that are] generalized, vague and unspecific assertions constitut[e] mere 'puffery'" and cannot form the basis for a fraud claim)); *see also Brothers v. Hewlett-Packard Co.*, 2006 WL 3093685, at *4-*5 (N.D. Cal. Oct. 31, 2006) (claims that product was "the best product possible" and provided "'best-of-class service'" were non-actionable sales puffery); *Tietsworth v. Sears, Roebuck & Co.*, 2009 WL 3320486, at *7 n.5 (N.D. Cal. Oct. 13, 2009) (statement that products were "'best' in their class" was non-actionable puffery); 9 B.E. Witkin, *Torts*, *Summary of California Law* § 774 (10th ed. 2005) ("assertions to the effect that a particular article is the 'best' . . . are 'dealer's talk,' and a party is not entitled to rely on them"). These purported marketing statements cannot support Robles's fraud claims, just as they could not support Digby Adler's.

Robles also alleges that MBUSA "has represented . . . in its marketing materials and website and through sales personnel that the AC units do not have any defects." TAC ¶ 73. Yet nowhere does the TAC identify the specific content of any supposed representations regarding the rear air-conditioning units—let alone when, where, or by whom they were allegedly made. As the Court has already held, this type of vague and conclusory allegation regarding a purported misrepresentation fails to satisfy Rule 9(b)'s pleading requirements. Dkt. No. 38 at 4 ("Claims sounding in fraud must allege 'the account of the time, place and specific content of the false representations as well as the identities of the parties to the misrepresentations.'") (quoting *Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007)). Because the TAC fails to allege any actionable representation made to Robles before he purchased his vehicles, his CLRA and UCL claims should be dismissed to the extent they are based on fraudulent misrepresentations.

### B. Plaintiffs' Fraudulent Misrepresentation Claims Should Be Dismissed with Prejudice

Robles's CLRA and UCL claims premised on "affirmative representations" should be dismissed without leave to amend. The TAC represents plaintiffs' fourth attempt to plead fraud

1 claims based on affirmative misrepresentations, and the Court has already dismissed those claims based on the absence of sufficient facts.

Moreover, by declining to reassert misrepresentation claims on behalf of Digby Adler, and by merely repeating the same deficient factual allegations on behalf of Robles, plaintiffs have effectively conceded that further amendment would be futile. This warrants dismissal with prejudice. *See, e.g.*, *Williams v. Salvation Army*, 2015 WL 685356, at *6 (C.D. Cal. Feb. 18, 2015) (dismissal with prejudice appropriate where plaintiff "had ample opportunity to cure the defects identified in her . . . claim but failed to do so").

### III. THE TAC FAILS TO STATE A CLAIM UNDER THE SONG-BEVERLY WARRANTY ACT

Because the TAC fails to allege facts establish any breach of warranty—express or implied—it fails to state a claim under the Song-Beverly Warranty Act. *See* Cal. Civ. Code § 1794(a).

#### A. MBUSA Did Not Breach the Express Warranty

The TAC alleges that Robles's vehicle was covered by an extended 6 year/125,000 mile warranty. TAC ¶ 20. The TAC further alleges that between June 2012 and February 2015, Robles brought his vehicle to dealerships four times to address water leaking from the rear air-conditioning unit, and each time the dealership performed repairs under warranty at no cost to Robles. *Id.* ¶¶ 21-24. Thus, Robles cannot base a Song-Beverly claim on an alleged breach of express warranty because the TAC makes clear that MBUSA has "more than fulfilled its obligations under the warranty." *Sumer v. Carrier Corp.*, 2015 WL 758314, at *1 (N.D. Cal. Feb. 20, 2015) (breach of express warranty claim dismissed where defendant twice fixed faulty air conditioning unit under warranty at no cost to plaintiff).

In addition, Robles cannot assert a breach of express warranty claim under the Song-Beverly Act based on the theory that the rear air-conditioning unit in his vehicle was defectively designed. *See, e.g.*, TAC ¶ 67 (alleging breach of warranty because rear air-conditioning units "were defective in design"). The express terms of the warranty for Robles's vehicle cover only "defects in material, workmanship or factory preparation," Req. for Jud. Notice Ex. A at p. 5, and "[i]n California, express warranties covering defects in materials and workmanship exclude defects in design," *Troup v. Toyota Motor Corp.*, 545 Fed. App'x 668, 668-69 (9th Cir. 2013); *Gertz v. Toyota Motor Corp.*,

2011 WL 3681647, at *3 (C.D. Cal. Aug. 22, 2011) (under California law a "warranty for any defects in 'materials or workmanship' did not cover an alleged design defect"). Thus, to the extent Robles's Song-Beverly Act claim is based on breach of express warranty, it must be dismissed.

### B. The Alleged Defect Did Not Render Robles's Vehicle Unmerchantable

The TAC also fails to allege facts establishing any breach of the implied warranty of merchantability. "The mere manifestation of a defect by itself does not [ ] breach the implied warranty of merchantability. Instead, there must be a fundamental defect that renders the product unfit for its ordinary purpose." *Tietsworth v. Sears, Roebuck & Co.*, 720 F. Supp. 2d 1123, 1142 (N.D. Cal. 2010) (internal quotation marks and citation omitted); *Hovsepian v. Apple, Inc.*, 2009 WL 2591445, at *6 (N.D. Cal. Aug. 21, 2009) ("In other words, a defect must be sufficiently serious so as to render the product unfit for its ordinary purpose."). "[I]n the case of automobiles, the implied warranty of merchantability can be breached only if the vehicle manifests a defect that is so basic it renders the vehicle unfit for its ordinary purpose of providing transportation." *Am. Suzuki Motor Corp. v. Sup. Ct.*, 37 Cal. App. 4th 1291, 1296 (1995); *Tae Hee Lee v. Toyota Motor Sales, U.S.A., Inc.*, 992 F. Supp. 2d 962, 980 (C.D. Cal. Jan. 9, 2014) ("The implied warranty of merchantability requires only that a vehicle be reasonably suited for ordinary use. It need not be perfect in every detail so long as it provides for a minimum level of quality.") (internal quotation marks omitted).

Here, the facts alleged demonstrate that Robles's vehicle has served, and continues to serve, its ordinary purpose of providing safe and reliable transportation. Robles does not allege—nor could he—that the claimed water leaks rendered the vehicle inoperable or unsafe. Nor does he claim that the alleged defect has caused him to discontinue use of the vehicle. Rather, he alleges only that, on four occasions since he purchased the vehicle in June 2012, "water leaked into the van's passenger compartment and on its passenger seats." TAC ¶¶ 21-23. These facts do not describe a defect so "fundamental" that the vehicle "did not possess even the most basic degree of fitness for ordinary use." *Keegan v. Am. Honda Motor Co.*, 838 F. Supp. 2d 929, 945 (C.D. Cal. 2012) (internal quotation marks and citation omitted).

The TAC's other factual allegations also demonstrate that the alleged defect does not render the putative class vehicles unmerchantable. Plaintiff Digby Adler claims to own 98 Sprinter vans,

the majority of which have allegedly experienced rear air-conditioning unit water leaks, yet Digby Adler has continued purchasing Sprinter vans equipped with rear air-conditioning units and using them in its rental fleet notwithstanding the alleged "defect." TAC ¶¶ 13, 18-19. This further demonstrates that the water leaks at issue in the TAC are not "sufficiently serious so as to render the [vehicles] unfit for [their] ordinary purpose." *Hovsepian*, 2009 WL 2591445, at *6.

It is not enough for Robles to contend that the vehicle has failed to fulfill his personal expectations as a result of the alleged water leaks. *See* TAC ¶ 27. This is because the implied warranty only "provides for a minimum level of quality"; it does not "impose a general requirement" that the vehicle "fulfill the expectation of the buyer." *Gertz*, 2011 WL 3681647, at *4 (citation omitted); *Marcus*, 2015 WL 151489, at *9 ("[t]he [implied] warranty [of merchantability] does not impose a general requirement that goods precisely fulfill the expectations of the buyer"); *see, e.g.*, *Nelson v. Nissan N. Am., Inc.*, 894 F. Supp. 2d 558, 566-67 (D.N.J. 2012) ("'Merchantability does not mean that the goods are exactly as the buyer expected, but rather that the goods satisfy a minimum level of quality.'") (citation omitted); *Priebe v. Autobarn, Ltd.*, 240 F.3d 584, 588 (7th Cir. 2001) (despite plaintiff's allegation that he "lost faith" in his vehicle, the fact that he continued to drive it and did so for more than 30,000 miles, negated implied merchantability claim).

Simply put, "[m]erchantable is not a synonym for perfect." *Baba v. Hewlett Packard Co.*, 2012 WL 5336971, at *3 (N.D. Cal. Oct. 26, 2012) (internal quotation marks omitted). "An implied warranty of merchantability does not promise a perfect or even problem-free vehicle—it only assures the buyer that the car will at least function for its intended purpose." *Zambrano v. CarMax Auto Superstores, LLC*, 2014 WL 228435, at *7 (S.D. Cal. Jan. 21, 2014). Plaintiff Robles's vehicle has functioned for its intended purpose (as have plaintiff Digby Adler's vehicles). The claimed defect is not so fundamental that it renders Robles's vehicle unmerchantable.

### IV.   ROBLES CANNOT ASSERT A PRODUCTS LIABILITY CLAIM

The TAC's First Cause of Action, for Product Liability, is nominally brought on behalf of "the Class." TAC at p. 12. The Class, as defined in Paragraph 35, is alleged to include Robles. *Compare* TAC ¶ 35 (defining class to include all California residents who bought or leased a Sprinter van with a rear air-conditioning unit in California from 2010-2014) *with* ¶¶ TAC 5, 20

1  (alleging that Robles is a California resident who purchased a Sprinter van with a rear air-
2  conditioning unit in California in June 2012).  The TAC alleges no facts showing damages suffered
3  by Robles that could be recovered under a product-liability theory—so, to the extent Robles asserts a
4  product liability claim, it should be dismissed.  *See, e.g.*, *Robinson Helicopter Co. v. Dana Corp.*, 34
5  Cal. 4th 979, 989 (2004) ("Damages available under strict products liability do not include economic
6  loss"); *KB Home v. Superior Court*, 112 Cal. App. 4th 1076, 1079 (2003).

**V.    THE FRAUD-BASED CLAIMS MUST BE DISMISSED AS TO PLAINTIFF DIGBY ADLER**

Also alleged on behalf of "the Class" are the Second Cause of Action for fraudulent concealment and the Seventh Cause of Action for fraudulent business practices under the UCL. TAC at pp. 14, 21.  "The Class" is alleged to include Digby Adler. S*ee id.* ¶ 35.

But Digby Adler cannot assert fraudulent concealment or fraudulent business practice claims for at least two reasons.  First, as the Court recognized in its ruling on MBUSA's motion to dismiss the SAC, Digby Adler's "fraudulent omissions theory is unsupported by the SAC's allegations." Dkt. No. 38 at 8.  The TAC does not plead any new facts that would affect the Court's conclusion.

Second, Digby Adler omitted those claims from its later-amended complaints.  *Compare* FAC (asserting common-law fraudulent concealment claim and "fraudulent business practices" claim under the UCL) *with* SAC (omitting those claims).  Thus, Digby Adler has abandoned those claims and cannot now reassert them.  *See Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. 2012 (en banc) (claims not repled in amended complaint are waived).  The Second and Seventh Causes of Action should be dismissed as to Digby Adler for this reason as well.

## CONCLUSION

For the foregoing reasons, the Second, Third, Fourth, Fifth, and Seventh Causes of Action in the Third Amended Complaint should be dismissed with prejudice.

Dated:  May 26, 2015                Respectfully submitted,

CARROLL, BURDICK & McDONOUGH LLP

By  /s/ *Troy M. Yoshino*
TROY M. YOSHINO
ATTORNEYS FOR DEFENDANT
MERCEDES-BENZ USA, LLC