1   THE VEEN FIRM, P.C.
    Anthony L. Label (Bar No. 205920)
2   Steven A. Kronenberg (Bar No. 215541)
    711 Van Ness Avenue, Suite 220
3   San Francisco, CA 94102
    P.O. Box 7296
4   San Francisco, CA 94120-7296
    Tel:    (415) 673-4800
5   Fax:    (415) 771-5845

6   CHAVEZ & GERTLER LLP
    Jonathan E. Gertler (Bar No. 111531)
7   Dan L. Gildor (Bar No. 223027)
    Samuel P. Cheadle (Bar No. 268595)
8   42 Miller Avenue
    Mill Valley, California 94941
9   Tel:    (415) 381-5599
    Fax:    (415) 381-5572
10

    *Attorneys for Plaintiffs and the Proposed Settlement Class*
11

    CARROLL, BURDICK & McDONOUGH LLP
12  Troy M. Yoshino (Bar No. 197850)
    Eric J. Knapp (Bar No. 214352)
13  Steven E. Swaney (Bar No. 221437)
    44 Montgomery St., Suite 400
14  San Francisco, CA 94104
    Tel:    (415) 989-5900
15  Fax:    (415) 989-0932

16  *Attorneys for Defendant MERCEDES-BENZ USA, LLC*

17                  **UNITED STATES DISTRICT COURT**
                    **NORTHERN DISTRICT OF CALIFORNIA**
18

19  DIGBY ADLER GROUP, LLC, dba              **Case No. 14-CV-02349 TEH**
    BANDAGO LLC, and BENJAMIN
20  ROBLES, on behalf of themselves and all  **[PROPOSED] ORDER PRELIMINARILY**
    others similarly situated,               **APPROVING SETTLEMENT**
21                                           **AGREEMENT, CERTIFYING**
                                             **SETTLEMENT CLASS, APPOINTING**
                    Plaintiffs,              **SETTLEMENT CLASS COUNSEL,**
22          v.                               **SETTING HEARING ON FINAL**
                                             **APPROVAL OF SETTLEMENT, AND**
23  MERCEDES-BENZ U.S.A., LLC,               **DIRECTING NOTICE TO THE CLASS**

24  Defendant.                               Date:    March 7, 2016
                                             Time:    10:00 a.m.
25                                            Judge:   Hon. Thelton E. Henderson
                                             Crtrm.:  2 - 17th Floor
26
                                             Hon. Thelton E. Henderson
27

28

1    Plaintiff moved this Court for an Order preliminarily approving the parties' settlement,

2  certifying a settlement class, appointing settlement class counsel, setting a hearing on the final

3  approval of the settlement, and directing notice to the class (the "Motion"). Mercedes-Benz USA,

4  LLC ("MBUSA") joined in Plaintiff's request for an order preliminarily approving the parties'

5  settlement. Upon considering the Motion, the parties' Class Action Settlement Agreement and

6  Release and all exhibits thereto (collectively, the "Settlement Agreement" or "Settlement"), the

7  materials previously submitted in this case, the arguments of counsel, and other materials relevant

8  to this matter, it is hereby **ORDERED** that:

9    1.    The Court grants preliminary approval of the Settlement based upon the terms set

10  forth in the Settlement Agreement filed herewith.

11    2.    The terms of the Settlement Agreement are sufficiently fair, reasonable, and

12  adequate to allow dissemination of the Notice according to the Notice Plan.[1] This determination is

13  not a final finding that the Settlement Agreement is fair, reasonable, and adequate, but instead is a

14  determination that there is good cause to submit the proposed Settlement Agreement to Settlement

15  Class Members and to hold a hearing concerning final approval of the proposed settlement, and

16  ultimately approve the settlement.

17    3.    The Parties have made a sufficient showing, under the provisions of Rule 23 of the

18  Federal Rules of Civil Procedure, as applicable in the context of settlement classes, to establish

19  reasonable cause, following Notice to members of the proposed Settlement Class, to hold a hearing

20  to determine if a Class should be certified for settlement purposes only, consisting of persons who

21  meet the following criteria:

22  All current and former owners and lessees of model year 2010-2014 Mercedes-Benz and
   Freightliner Sprinter 2500 or 3500 vehicles with original-equipment rear air conditioning
23  units who purchased or leased their Subject Vehicles in the United States.

24  Excluded from the Settlement Class are:  Persons who validly and timely exclude
   themselves; persons who have settled with, released, or otherwise had claims adjudicated on
25  the merits against MBUSA that are substantially similar to those alleged in this matter;
   persons with only personal injury, wrongful death or property damage claims to property
26

27  ───────────────
[1] To the extent capitalized terms are not defined in this Order, they shall have the meaning set
28  forth in the Settlement Agreement.

-1-

other than the Subject Vehicles, fixtures installed in the vehicles, or cargo transported in the vehicles, as a result of the defects alleged; employees of MBUSA; insurers or other providers of extended service contracts or warranties for the vehicles owned by settlement class members; and the Honorable Thelton E. Henderson and members of his family.

If, for any reason, the proposed settlement is not approved, any order certifying a settlement class shall be vacated *nunc pro tunc* and the Litigation shall proceed as though the Settlement Class had never been certified, without prejudice to the Parties' rights to either request or oppose class certification for purposes of litigation.

4. In making the findings set forth in Paragraph 3, the Court has exercised its discretion in conditionally certifying the Settlement Class on a nationwide basis. Named Plaintiff Benjamin Robles is designated as the Class Representative.

5. The Court hereby appoints the following attorneys as counsel for the Settlement Class: Jonathan E. Gertler, Dan L. Gildor, and Samuel P. Cheadle of Chavez & Gertler LLP, and Anthony L. Label and Steven A. Kronenberg of The Veen Firm, P.C., and the successors of these law firms (collectively, "Class Counsel"). For purposes of these settlement proceedings, the Court finds that the Chavez & Gertler LLP and The Veen Firm, P.C., are competent and capable of exercising their responsibility as Class Counsel.

6. This Court has both subject matter jurisdiction and personal jurisdiction as to this action and all Parties before it.

7. The Settlement Agreement is for settlement purposes only. Neither the fact of, any provision contained in, nor any action taken under the Settlement Agreement shall be construed as an admission of the validity of any claim or any factual allegation that was or could have been made by Plaintiff and Settlement Class Members in the Action, or of any wrongdoing, fault, violation of law, or liability of any kind on the part of Defendant or the Released Persons. The Settlement Agreement shall not be offered or be admissible in evidence by or against Defendant or the Released Persons or cited or referred to in any other action or proceeding, except one (1) brought by or against the Parties to enforce or otherwise implement the terms of the Settlement Agreement, (2) involving any Plaintiff or Settlement Class Member to support a defense of *res judicata*, collateral estoppel, release, or other theory of claim preclusion, issue preclusion, or similar defense, or (3)

-2-

1  involving an attempt to enforce a stay of other litigation pursuant to the terms set forth in the

2  Settlement Agreement and the Court's Order preliminarily approving the Settlement Agreement.

3      8.    The Notice and provisions for disseminating notice substantially as described in and

4  attached to the Settlement Agreement are hereby approved. The Court approves the Notice attached

5  as Exhibit A to the Settlement Agreement, as well as the Claim Form, attached as Exhibit B to the

6  Settlement Agreement. These materials (a) provide the best practicable notice, (b) are reasonably

7  calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the

8  action, the terms of the proposed settlement, and of their right to appear, object to, or exclude

9  themselves from the proposed settlement, (c) are reasonable and constitute due, adequate, and

10  sufficient notice to all persons entitled to receive notice, and (d) fully comply with federal law, the

11  United States Constitution, and all other applicable laws.

12      9.    KCC Class Action Services, LLC ("KCC"), selected pursuant to the terms of the

13  Settlement Agreement, shall be responsible for providing notice of the proposed settlement to the

14  Settlement Class Members in accordance with the provisions of the Settlement Agreement and as

15  directed under the Class Action Fairness Act (28 U.S.C. § 1715). MBUSA will pay KCC's fees and

16  costs.

17      10.    To comply with their obligations under the Settlement Agreement, the parties must

18  obtain vehicle registration information for Settlement Class Members for the purpose of

19  disseminating notice of the proposed settlement to those persons and entities. MBUSA and KCC are

20  hereby authorized to obtain vehicle registration information concerning Settlement Class Members

21  from R. L. Polk or a similar vendor for the sole purpose of providing notice to those persons and

22  entities.

23      11.    KCC shall mail the Notice to the identified Settlement Class Members per the

24  Notice Plan within sixty (60) days of the entry of this Order. On the same date, KCC will make an

25  informational settlement website available to the public, which website will include a copy of this

26  order, the Notice, the Settlement Agreement, the Claim Form, and other important documents.

27  Within fifteen (15) days after the deadline to mail the Notice, KCC shall file a declaration with the

28

-3-

1   Court, attesting to the measures undertaken to provide Notice to the Settlement Class and as

2   directed by CAFA.

3        12.    Anyone who wishes to be excluded from the Settlement Class must submit a written

4   request for exclusion (as described in the Notice and Settlement Agreement) by sending it to KCC

5   Class Action Services, LLC, by First-Class U.S. mail to the address provided in the Notice.

6   Requests for exclusion must contain all information described in the Settlement Agreement. The

7   envelope containing the Request for Exclusion must be postmarked on or before the date set forth in

8   the Notice, which shall be forty-five (45) days after the completion of mailing (or re-mailing, in the

9   case of Notices returned undeliverable) of the Notice pursuant to the Settlement Agreement. The

10   Court shall rule on the validity of exclusions at the Fairness Hearing.

11        13.    Anyone who falls within the Settlement Class definition and does not submit a

12   Request for Exclusion in complete accordance with the deadlines and other specifications set forth

13   in this Order and the Settlement Agreement shall remain a Settlement Class Member and shall be

14   bound by all proceedings, orders, and judgments of this Court pertaining to the Settlement Class.

15        14.    Any Settlement Class Member who wishes to object to the proposed Settlement

16   must send or file an objection with this Court. Objections must contain all information described in

17   the Settlement Agreement. The envelope containing the Objection to the Settlement must be

18   postmarked on or before the date set forth in the Notice, which shall be forty-five (45) days after

19   completion of mailing (or re-mailing, in the case of Notices returned undeliverable) of the Notice

20   pursuant to the Settlement Agreement. Objections may otherwise be filed within forty-five (45)

21   days after completion of mailing (or re-mailing) of the Notice pursuant to the Settlement

22   Agreement. Only Settlement Class Members may object to the Settlement. A copy of such papers

23   being filed in support of any Objection shall also be mailed to Class Counsel and Defense Counsel

24   within the forty-five (45) day period set forth herein.

25        15.    Any Settlement Class Member who does not submit an Objection to the Settlement

26   in complete accordance with this Order and the applicable provisions of the Settlement Agreement

27   shall not be permitted to object to the settlement.

28

-4-

16.     Any objecting Settlement Class Member may appear at the hearing on the fairness of the proposed settlement (the "Fairness Hearing") held by the Court, in person or by counsel, to show cause why the Settlement Agreement should not be approved as fair, reasonable and adequate, or to object to any petitions for attorney fees and reimbursement of litigation costs and expenses; provided, however, that the objecting Settlement Class Member must mail or file with the Clerk of the Court, a notice of intention to appear at the Fairness Hearing (a "Notice of Intention to Appear") on or before the date set forth in the Notice, which shall be forty-five (45) days after the completion of mailing (or re-mailing) of the Notice pursuant to the Settlement Agreement. The Notice of Intention to Appear must include all information and documents required by the Settlement Agreement. Any Settlement Class Member who does not provide a Notice of Intention to Appear in complete accordance with the deadlines and other specifications set forth in the Settlement Agreement, and who has not filed an Objection to the Settlement in complete accordance with the deadlines and other specifications set forth in the Settlement Agreement, will be barred from speaking or otherwise presenting any views at any Fairness Hearing.

17.     KCC shall also have the obligations otherwise enumerated in the Settlement Agreement.

18.     Class Counsel shall file with the Court their petition for payment of attorneys' fees and reimbursement of litigation costs and expenses no later than thirty (30) days before the expiration of the deadline for submitting opt-outs from and Objections to the Settlement Agreement. This request shall be consistent with the provisions of Section 5 of the Settlement Agreement.

19.     Fourteen (14) days prior to the date set for the Fairness Hearing, Plaintiff shall file a motion for judgment and final approval of the Settlement. The parties shall file their briefs in support of settlement approval, as well as any supplemental briefs supporting Class Counsel's motion for attorneys' fees and reimbursement of litigation costs, at that time. The briefing shall include the parties' responses to any Objections, as well as a declaration setting forth the number of Settlement Class members who opted-out of the Settlement Class. Such briefing shall be served on any other attorneys who have entered an appearance in this proceeding, and on any member of the Settlement Class to whose Objection to the Settlement the memoranda or other briefing responds.

-5-

1    If any Settlement Class Members object or opt-out after Plaintiff files the motion for final

2    approval, the parties shall file supplemental briefing no later than seven (7) days prior to the date set

3    for the Fairness Hearing, setting forth the parties' responses to such Objections and the number of

4    opt-outs. If appropriate, the parties shall include supplemental briefing on Class Counsel's motion

5    for attorney's fees at that time.

6    20.    On _____, 2016, the Court will hold the Fairness Hearing. It shall be held in

7    Courtroom 12 of the United States Courthouse, 450 Golden Gate Avenue, San Francisco, California

8    94102 at a time and place to be set forth in the Mailed Notice. The Fairness Hearing may be

9    continued or rescheduled by the Court with notice to Class Counsel and Defense Counsel and to any

10   objecting Settlement Class Member who has filed a Notice of Intention to Appear in accordance

11   with Paragraph 16 of this Order. At the Fairness Hearing, or as soon thereafter as practicable, the

12   Court will determine whether the proposed settlement is fair, reasonable, and adequate and should

13   be approved by the Court. At the Fairness Hearing, the Court will also consider the amount of

14   attorney fees and expenses that should be awarded to Class Counsel.  If appropriate, the Court will

15   issue a Final Order and Judgment memorializing its decision, in the form contemplated by the

16   Settlement Agreement.

17   21.    Pending further orders by this Court, all proceedings in this case shall be stayed,

18   except for proceedings pursuant to this Order. A stay is warranted because it will conserve the

19   parties' and various courts' resources, minimize interference with this Court's ability to rule on the

20   proposed Settlement, and preserve the Settlement for a short period of time while class members

21   receive notice and evaluate their options. A standstill of litigation will be efficient, promotes the

22   public policy favoring settlement and aids resolution of claims on a nationwide basis, which is in

23   the public interest.

24   As directed in Paragraph 3, the nationwide class is provisionally certified, and all members

25   of the Settlement Class under the jurisdiction of this Court are enjoined from commencing and

26   thereafter prosecuting any action, suit, proceeding, claim, or cause of action (except those based on

27   or relating to personal injury or wrongful death), in any jurisdiction or court against Defendant or

28

[PROPOSED] ORDER GRANTING PRELIMINARY APROVAL OF                    Case No. 14-CV-02349 TEH
CLASS ACTION SETTLEMENT

1 | the Released Parties relating to or arising out of the subject matter of this action until such time as

2 | the class is decertified or pursuant to further orders of this Court.

3 |        22.      Class Counsel and Defense Counsel are authorized to establish other means

4 | necessary to effectuate the terms of the Settlement Agreement.

5 |        **IT IS SO ORDERED.**

6 |        Dated: _____, 2016

7 |

8 |                                                   _____
                                                    Hon. Thelton E. Henderson
9 |                                                  United States District Judge

[PROPOSED] ORDER GRANTING PRELIMINARY APROVAL OF                    Case No. 14-CV-02349 TEH
CLASS ACTION SETTLEMENT