THE VEEN FIRM, P.C.
Anthony L. Label (Bar No. 205920)
Steven A. Kronenberg (Bar No. 215541)
711 Van Ness Avenue, Suite 220
San Francisco, CA 94102
P.O. Box 7296
San Francisco, CA 94120-7296
Tel:   (415) 673-4800
Fax:   (415) 771-5845

CHAVEZ & GERTLER LLP
Jonathan E. Gertler (Bar No. 111531)
Dan L. Gildor (Bar No. 223027)
Samuel P. Cheadle (Bar No. 268595)
42 Miller Avenue
Mill Valley, California 94941
Tel:   (415) 381-5599
Fax:   (415) 381-5572

*Attorneys for Plaintiffs and the Settlement Class*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIGBY ADLER GROUP, LLC, dba BANDAGO LLC, and BENJAMIN ROBLES, an individual, on behalf of themselves and all others similarly situated,<br><br>    Plaintiffs,<br>  v.<br><br>MERCEDES-BENZ U.S.A., LLC,<br><br>    Defendant. | **Case No. 14-CV-02349 TEH**<br><br>**CLASS ACTION**<br><br>**NOTICE OF MOTION AND MOTION FOR AWARD OF ATTORNEYS' FEES AND COSTS; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Date:   August 29, 2016<br>Time:   10:00 a.m.<br>Judge:   Hon. Thelton E. Henderson<br>Crtrm.:   2 - 17th Floor |

# TABLE OF CONTENTS

I.   INTRODUCTION ................................................................................................. 1

II.  STATEMENT OF THE CASE............................................................................. 2

III. ARGUMENT ........................................................................................................ 3

    A.   PLAINTIFF IS ENTITLED TO AN AWARD OF FEES AND COSTS ................3

    B.   THE FEE REQUESTED IS REASONABLE AND APPROPRIATE....................4

        1.   The Process of Negotiating the Fee Award Was Appropriate .....................5

        2.   The Amount of the Fee Is Reasonable Given Class Counsel's Lodestar..................................................................................................6

        3.   The Small Multiplier Included in the Requested Award Is Reasonable and Appropriate .........................................................................8

            a)   Counsel Took the Representation on a Pure Contingency Basis.....9

            b)   The Quality of Representation Was High......................................10

            c)   The Result Achieved Is Excellent...................................................10

            d)   The Case Promotes the Public Interest ..........................................10

            e)   The Requested Multiplier Is Reasonable .......................................11

    C.   THE COST REQUEST IS REASONABLE AND APPROPRIATE ....................11

IV. CONCLUSION................................................................................................... 12

# TABLE OF AUTHORITIES

**CASES**

*Avery v. First Resolution Mgmt. Corp.*,
  568 F.3d 1018 (9th Cir. 2009) ..................................................................................................4

*Bowman v. City of Berkeley*,
  31 Cal. Rptr. 3d 447 (2005) ......................................................................................................3

*Broughton v. Cigna Healthplans of California*,
  988 P.2d 67 (1999).............................................................................................................10, 11

*Cazares v. Saenz*,
  256 Cal. Rptr. 209 (1989) .........................................................................................................9

*Chavez v. City of Los Angeles*,
  224 P.3d 41 (2010).....................................................................................................................4

*Chavez v. Netflix*,
  75 Cal. Rptr. 3d 413 (2008) ....................................................................................................11

*City of Oakland v. Oakland Raiders*,
  249 Cal. Rptr. 606 (1988) ......................................................................................................11

*Coalition for L.A. County Planning v. Board of Supervisors*,
  142 Cal. Rptr. 766 (1977) ......................................................................................................11

*Ctr. for Biological Diversity v. Cnty. of San Bernardino*,
  111 Cal. Rptr. 3d 374 (2010) ...................................................................................................7

*Folsom v. Butte County Ass'n of Governments*,
  652 P.2d 437 (1982)................................................................................................................10

*Gezalyan v. BMW of North America, LLC*,
  697 F. Supp. 2d 1168 (C.D. Cal. 2010) ...................................................................................4

*Graciano v. Robinson Ford Sales, Inc.*,
  50 Cal. Rptr. 3d 273 (2006) ......................................................................................................4

*Graham v. DaimlerChrysler Corp.*,
  101 P.3d 140 (2004)...................................................................................................................3

*Harman v. City and County of San Francisco*,
  89 Cal. Rptr. 3d 750 (2007) ......................................................................................................8

*Horsford v. Board Of Trustees Of California State University*,
  33 Cal. Rptr. 3d 644 (2005) ......................................................................................................6

*In re First Capital Holdings Corp. Fin. Products Sec. Litig.*, MDL 901,
  1992 WL 226321 (C.D. Cal. Jun. 10, 1992).............................................................................11

*In re Mexico Money Transfer Litigation (Western Union and Valuta)*,
  164 F. Supp. 2d 1002 (N.D. Ill. 2000) .....................................................................................6

*Kaufman v. American Exp. Travel Related Services Co., Inc.*,
   264 F.R.D. 438 (N.D. Ill. 2009) ...........................................................................6

*Ketchum v. Moses*,
   17 P.3d 735 (2001) ...................................................................................5, 8, 9, 10

*Kim v. Euromotors West/The Auto Gallery*,
   56 Cal. Rptr. 3d 780 (2007) ..................................................................................4

*Lealao v. Beneficial California, Inc.*,
   97 Cal. Rptr. 2d 797 (2000) .........................................................................4, 8, 10

*MRO Commc'ns, Inc. v. AT & T Co.*,
   197 F.3d 1276 (9th Cir. 1999) ...............................................................................4

*Oregel v. Am. Isuzu Motors, Inc.*,
   109 Cal. Rptr. 2d 583 (2001) ...............................................................................10

*Perdue v. Kenny A. ex rel. Winn*,
   559 U.S. 542 (2010) ..............................................................................................5

*PLCM Grp. v. Drexler*,
   997 P.2d 511 (2000) ..........................................................................................5, 7

*Raining Data Corp. v. Barrenechea*,
   97 Cal. Rptr. 3d 196 (2009) ..................................................................................6

*Serrano v. Priest* ("*Serrano III*"),
   569 P.2d 1303 (1977) .........................................................................................5, 8

*Serrano v. Unruh* ("*Serrano IV*"),
   652 P.2d 985 (1982) ..............................................................................................5

*State v. Meyer*,
   220 Cal. Rptr. 884 (1985) .........................................................................8, 10, 11

*Staton v. Boeing Co.*,
   327 F.3d 938 (9th Cir. 2003) .................................................................................5

*Wershba v. Apple Computer*,
   110 Cal. Rptr. 2d 145 (2001) ...............................................................................11

*Winterrowd v. Am. Gen. Annuity Ins. Co.*,
   556 F.3d 815 (9th Cir. 2009) .................................................................................6

*Zucker v. Occidental Petroleum Corp.*,
   192 F.3d 1323 (9th Cir. 1999) ...............................................................................5

**STATUTES**

Cal. Civ. Code § 1760 ..............................................................................................10

Cal. Civ. Code § 1780 ................................................................................................3

Cal. Civ. Code § 1794 ................................................................................................3

**NOTICE AND MOTION**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on August 29, 2016 at 10:00 a.m., or as soon thereafter as the matter may be heard before the Honorable Thelton E. Henderson in Courtroom 2 in the United States District Court for the Northern District of California, located at 450 Golden Gate Avenue, San Francisco, California, Plaintiff Benjamin Robles ("Plaintiff") will move, and hereby does move, the Court for an order awarding $1,000,000 in attorneys' fees and costs to class counsel. Such an order is appropriate because class counsel are entitled to such reimbursement for attorneys' fees and costs pursuant to the settlement agreement this Court preliminarily approved on March 1, 2016 as well as pursuant to Consumer Legal Remedies Act, Civil Code section 1780(e), the Song Beverly Warranty Act, Civil Code section 1794(d), and California Code of Civil Procedure section 1021.5. Furthermore, the amounts requested are fair and reasonable given the time and effort expended by class counsel to litigate and settle this class action.

This motion is based on this notice of motion and motion, the following points and authorities; the declarations of Jonathan E. Gertler and Anthony Label and the exhibits thereto; all pleadings and papers filed in this case; and on such other further written and oral argument and authorities as may be presented at or before the hearing on this matter.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.  INTRODUCTION**

Plaintiff Benjamin Robles hereby moves the Court for an order awarding class counsel $1,000,000 in attorneys' fees and costs incurred in this case. The settlement agreement that this Court preliminarily approved on March 1, 2016 provides that Plaintiffs may make a request up to that amount. Such an award is also appropriate pursuant to the Consumer Legal Remedies Act, Civil Code section 1780(e), the Song Beverly Warranty Act, Civil Code section 1794(d), and California Code of Civil Procedure section 1021.5. The amount of the award was negotiated at arm's length after reaching agreement on all other material terms of the settlement. Pursuant to that agreement, Defendant Mercedes-Benz USA, LLC ("MBUSA") does not oppose this motion.

Class counsel's lodestar for work performed through May 10, 2016 is $869,248.90, with the costs advanced by class counsel totaling $18,662.55. Class counsel request that the Court award them these amounts plus a modest multiplier of 1.13. Such a multiplier is appropriate in the present case given the contingent nature of the fee, the complexity and risk inherent in this litigation, the results achieved, and the additional work class counsel will have to perform to implement the settlement, including preparing for and attending the hearings on this motion and Plaintiff's motion for final approval of the settlement. Overall, the requested award is reasonable and appropriate under the circumstances. The Court, therefore, should grant the motion.

## II.     STATEMENT OF THE CASE

Former plaintiff Digby Adler Group LLC ("Bandago") filed the initial complaint in this case on April 14, 2014 in San Francisco Superior Court alleging claims for product liability, fraud, breach of warranty, and unfair business practices.[1] Underlying each of these claims was the fact that the AC units that Mercedes recommended for Sprinter 2500 and 3500 vans ("Subject Vehicles") could leak prodigious amounts of water into the interior of the vans. Owners describe the leaks as being similar to having it rain inside the vans, or to taking a shower in the van, or to being under a waterfall. *See* http://goo.gl/Ptbh1P (NBC Miami Team 6 Investigation airing April 15, 2014). Despite knowing about these leaks since at least February 1, 2010—the date on which Mercedes published a service bulletin concerning "[w]ater enter[ing] vehicle interior via roof air conditioning (code HH7)"[2]—Mercedes never disclosed the leaks pre-sale.

After MBUSA removed the case to this court, and after a series of motions to dismiss and amendments, Benjamin Robles was added as a named plaintiff along with additional claims for violation of the Song-Beverly Consumer Warranty Act, violation of the Consumers Legal Remedies Act, fraudulent concealment, and fraudulent and unlawful business practices. The parties, thereafter, agreed to mediate the case with the Honorable Edward A. Infante (Ret.) on November 18, 2015. At the mediation, the parties came to agreement regarding the material terms

---

[1] Plaintiff Bandago subsequently dismissed its claims on January 13, 2016. *See* Dkt # 63.
[2] LI83.50-N-048689.

of a settlement after hard-fought arm's-length negotiations. During those negotiations, class relief was resolved before the negotiations turned to attorneys' fees and costs.

The agreement reached in November 2015 was subsequently reduced to the settlement that the Court preliminarily approved on March 1, 2016. Under the terms of the settlement, MBUSA will not oppose a request to award $1,000,000 as class counsel's attorneys' fees and costs, subject to the Court's approval.

## III. ARGUMENT

### A. PLAINTIFF IS ENTITLED TO AN AWARD OF FEES AND COSTS

Federal Rules of Civil Procedure, rule 23(h), provides that, "[i]n a certified class action, the court may award reasonable attorney's fees and nontaxable costs that are authorized by law or by the parties' agreement." Fees and costs in this case are authorized under both prongs.

First, MBUSA has agreed pursuant to the settlement that Plaintiff is entitled to an award of reasonable attorneys' fees and costs. (Settlement Agreement ("S.A.") ¶ 5.3, Gertler Decl. Ex. 1.) Pursuant to Rule 23(h), the Court should enforce the terms of the agreement and award Plaintiff those attorneys' fees and costs that the Court deems reasonable.

Second, Plaintiff is entitled to an award of fees and costs pursuant to the Consumer Legal Remedies Act, Civil Code section 1780(e), the Song Beverly Warranty Act, Civil Code section 1794(d), and California Code of Civil Procedure section 1021.5.[3] Each of these sections provides for reasonable attorneys' fees and costs to Plaintiff given that it cannot be disputed that he is the

---

[3] The California Consumers Legal Remedies Act provides that "[t]he court shall award court costs and attorney's fees to a prevailing plaintiff in litigation filed pursuant to this section." Cal. Civ. Code § 1780(e). Likewise, the Song-Beverly Warranty Act provides that a prevailing buyer "shall be allowed by the court to recover as part of the judgment a sum equal to the aggregate amount of costs and expenses, including attorney's fees based on actual time expected, determined by the court to have been reasonably incurred by the buyer in connection with the commencement and prosecution of such action." Cal. Civ. Code § 1794(d). Finally, California Code of Civil Procedure section 1021.5 provides that attorneys' fees are recoverable "(1) by a successful party, (2) in an action that has resulted in the enforcement of an important right affecting the public interest, (3) if a significant benefit has been conferred on the general public or a large class of persons, and (4) if the necessity and financial burden of private enforcement are such as to make the award appropriate." *Bowman v. City of Berkeley*, 31 Cal. Rptr. 3d 447, 450 (2005). Courts routinely award fees pursuant to section 1021.5 in consumer cases such as the present case. *Graham v. DaimlerChrysler Corp.*, 101 P.3d 140, 156 (2004) ("It is well settled that attorney fees under section 1021.5 may be awarded for consumer class action suits benefiting a large number of people.").

-3-

prevailing party in this case. After all, Plaintiff has obtained a settlement that provides for an extension of the warranty on the Subject Vehicles to 7 years/125,000 miles. MBUSA will also revise its maintenance interval for the Subject Vehicles to include inspection of the interior roof in the vans for water marks or other evidence of water infiltration near the rear air-conditioning. Finally, participating class members that have incurred any out-of-pocket costs to repair the AC unit and damage leaks may have caused will be able to seek reimbursement for those costs from MBUSA. Accordingly, Plaintiff—who has enforced California law and secured the relief he set out to obtain—has prevailed in the present case making a fee award mandatory. *Kim v. Euromotors West/The Auto Gallery*, 56 Cal. Rptr. 3d 780, 786 (2007) ("an award of attorney fees to 'a prevailing plaintiff' in an action brought pursuant to the CLRA is mandatory, even where the litigation is resolved by a pre-trial settlement agreement, absent an enforceable agreement to the contrary"); *accord Gezalyan v. BMW of North America, LLC*, 697 F. Supp. 2d 1168, 1170 (C.D. Cal. 2010) (holding that plaintiff was prevailing party where she achieved "main litigation objective"); *Graciano v. Robinson Ford Sales, Inc.*, 50 Cal. Rptr. 3d 273, 284 (2006) ("It is settled that plaintiffs may be considered 'prevailing parties' for attorney's fees purposes if they succeed on *any significant issue* in litigation which achieves *some of the benefit* the parties sought in bringing suit." (quotations omitted; emphasis original)).

### B.    THE FEE REQUESTED IS REASONABLE AND APPROPRIATE

Plaintiff's claims arise entirely under, and would have been determined by, state law. Accordingly, the Court must apply California law in awarding Plaintiff his attorneys' fees. *Avery v. First Resolution Mgmt. Corp.*, 568 F.3d 1018, 1023 (9th Cir. 2009); *MRO Commc'ns, Inc. v. AT & T Co.*, 197 F.3d 1276, 1281 (9th Cir. 1999).

Under California law, "[i]n so-called 'fee shifting' cases, in which the responsibility to pay attorney fees is statutorily or otherwise transferred from the prevailing plaintiff or class to the defendant, the primary method for establishing the amount of 'reasonable' attorney fees is the lodestar method." *Lealao v. Beneficial California, Inc.*, 97 Cal. Rptr. 2d 797, 803 (2000); *see also Chavez v. City of Los Angeles*, 224 P.3d 41, 51 (2010) ("Under Code of Civil Procedure section 1021.5 [a fee-shifting statute], if a court determines that attorney fees should be awarded,

1   computation of those fees is based on the lodestar adjustment method as set forth in *Serrano v.*
2   *Priest* (1977) 20 Cal.3d 25.").
3   With this method, a court begins with counsel's "lodestar," which is based on "a careful
4   compilation of the time spent and reasonable hourly compensation of each attorney . . . involved
5   in the presentation of the case." *Serrano v. Priest*, 569 P.2d 1303, 1316 (1977) ("*Serrano III*");
6   *Ketchum v. Moses*, 17 P.3d 735, 741 (2001); *Serrano v. Unruh*, 652 P.2d 985, 987 n.6 (1982)
7   ("*Serrano IV*"). The lodestar is simply "the number of hours reasonably expended multiplied by
8   the reasonable hourly rate." *PLCM Grp. v. Drexler*, 997 P.2d 511, 518 (2000). The lodestar figure
9   may then be adjusted, based on consideration of factors specific to the case, in order to fix the fee
10  at the fair market value for the legal services provided. *Ketchum*, at 741. These factors include
11  "(1) the novelty and difficulty of the questions involved, (2) the skill displayed in presenting
12  them, (3) the extent to which the nature of the litigation precluded other employment by the
13  attorneys, (4) the contingent nature of the fee award." *Ibid*.
14  Applying these standards, the requested award of $1,000,000 (including costs) is entirely
15  reasonable and appropriate in this case. *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 552
16  (2010) ("a 'reasonable' fee is a fee that is sufficient to induce a capable attorney to undertake the
17  representation of a meritorious . . . case"). In this connection, the fee award was negotiated after
18  class relief was first settled such that nothing was left on the table. Moreover, the amount of the
19  fee award is appropriate given the work the class counsel have invested in the case to achieve a
20  successful outcome. Finally, a small multiplier is justified given the contingent nature and quality
21  of the representation, the result achieved, and the promotion of the public interest.
22  **1.    The Process of Negotiating the Fee Award Was Appropriate**
23  In discharging its duty to determine the fairness of attorneys' fees in a class action
24  settlement, the Court's primary concern is to ensure that the negotiation process leading to the fee
25  has "adequately protected the class from the possibility that class counsel were accepting an
26  excessive fee at the expense of the class." *Staton v. Boeing Co.*, 327 F.3d 938, 972 (9th Cir.
27  2003); *see Zucker v. Occidental Petroleum Corp.*, 192 F.3d 1323, 1329 (9th Cir. 1999).
28

-5-
NOTICE OF MOTION AND MOTION FOR AWARD OF ATTORNEYS' FEES          Case No. 14-CV-2349 TEH
AND COSTS

In the present case, negotiations were entirely at arm's-length and were hard fought. (Gertler Decl. ¶ 7.) Moreover, there is no evidence of collusion or fraud. Though the settlement provides that MBUSA would not oppose Plaintiff's request, class recovery was not "traded off" given that class relief was resolved first before any fee and cost award was negotiated. (Gertler Decl. ¶ 7.) As such, there can be no conflict with the class. *In re Mexico Money Transfer Litigation (Western Union and Valuta)*, 164 F. Supp. 2d 1002, 1033 (N.D. Ill. 2000), *aff'd sub nom. In re Mexico Money Transfer Litigation*, 267 F.3d 743 (7th Cir. 2001) (no conflict where fee is separately negotiated and separately funded given that "it does not reflect any diminished recovery to class members"); *Kaufman v. American Exp. Travel Related Services Co., Inc.*, 264 F.R.D. 438, 448-49 (N.D. Ill. 2009). There are simply no indicia of a collusive agreement.

### 2.     The Amount of the Fee Is Reasonable Given Class Counsel's Lodestar

Plaintiff at this time seeks an award based on the following lodestar, which has been adjusted for billing judgment:[4]

| Individual | Level | Hourly Rate | Hours Spent | Total |
|---|---|---|---|---|
| Jon Gertler | Partner | $800 | 130.8 | $104,640.00 |
| Mark Chavez | Partner | $825 | 67.6 | $55,770.00 |
| Dan Gildor | Partner | $675 | 413.8 | $279,315.00 |
| Sam Cheadle | Associate | $435 | 205.0 | $89,175.00 |
| Anthony Label | Trial Team Leader | $661 | 105.2 | $69,537.20 |

---

[4] For instance, class counsel did not include any timekeeper that billed less than 20 hours to the case. In preparing this motion, class counsel reviewed their contemporaneous time records to delete or reduce certain time entries, including some work that appeared duplicative, some that may have represented less efficiency than should be expected of attorneys of high standing, and some that was insufficiently detailed to be confident of its reasonableness. (Gertler Decl. ¶ 11; Label Decl. ¶ 15.) Class counsel will submit their detailed time records for *in camera* review should the Court find that necessary. *See Winterrowd v. Am. Gen. Annuity Ins. Co.*, 556 F.3d 815, 827 (9th Cir. 2009) ("Testimony of an attorney as to the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records."); *accord Raining Data Corp. v. Barrenechea*, 97 Cal. Rptr. 3d 196, 205 (2009) ("The law is clear . . . that an award of attorney fees may be based on counsel's declarations, without production of detailed time records."); *Horsford v. Board Of Trustees Of California State University*, 33 Cal. Rptr. 3d 644, 673 (2005) ("We think the verified time statements of the attorneys, as officers of the court, are entitled to credence in the absence of a clear indication the records are erroneous.").

-6-

| Individual | Level | Hourly Rate | Hours Spent | Total |
|---|---|---|---|---|
| Steven Kronenberg | Attorney | $661 | 409.7 | $270,811.70 |
| **TOTAL** | | | 1,332.1 | **$869,248.90** |

(Gertler Decl. ¶¶ 17-29; Label Decl. ¶ 20-24; *see also* Gertler Decl. ¶¶ 30-31.)

   Class counsel's billing rates, which were set in line with the prevailing rates for attorneys within the Bay Area with similar skills, qualifications, and experience, and which have been approved by California courts before,[5] are reasonable. *See PLCM Grp.*, 997 P.2d at 518 ("The reasonable hourly rate is that prevailing in the community for similar work."); *Ctr. for Biological Diversity v. Cnty. of San Bernardino*, 111 Cal. Rptr. 3d 374, 398 (2010). The hours that class counsel have expended to achieve the settlement in this case are also reasonable. The time reported above does not include the additional work that will be necessary to prepare for the hearing on the present motion or the motion for final approval and the work necessary to successfully implement the settlement. (Gertler Decl. ¶ 30.) All of the work performed by class counsel would have been necessary regardless of the recovery obtained for the class. (Gertler Decl. ¶¶ 12, 30; Label Decl. ¶ 16.) The case involved questions of law that required class counsel to conduct extensive legal research as well as substantial outreach, including substantial pre-filing investigation of the claims. The case also required Plaintiff to oppose two motions to dismiss and retain an expert. Finally, negotiating an extensive settlement agreement including the draft notice to the class, plus the briefing of the motion for preliminary approval was necessary in order to achieve the outcome in this case. In class counsel's opinion, all of this work was necessary and appropriate. Moreover, it was performed in as efficient a manner as possible. (Gertler Decl. ¶ 12; Label Decl. ¶ 16.) Duplication was avoided and class counsel's significant experience litigating consumer class actions enhanced efficiency. (Gertler Decl. ¶¶ 12-13; Label Decl. ¶¶ 16-17.) In sum, counsel's lodestar is reasonable.

---

[5] Gertler Decl. ¶ 15; Label Decl. ¶ 18.

### 3. The Small Multiplier Included in the Requested Award Is Reasonable and Appropriate

Once the lodestar has been determined, the next step is to consider whether it is appropriate to adjust the lodestar on the basis of other economic and equitable factors that are not already subsumed in the lodestar calculation. *Serrano III,* 569 P.2d at 1316; *Ketchum,* 17 P.3d at 741. The trial judge has significant discretion to adjust the lodestar by applying a "fee enhancement" or "multiplier" in order to "fix a fee at the fair market value for the particular action. In effect, the court determines, retrospectively, whether the litigation involved a contingent risk or required extraordinary legal skill justifying augmentation of the unadorned lodestar in order to approximate the fair market value for such services." *Harman v. City and County of San Francisco*, 89 Cal. Rptr. 3d 750, 769 (2007).

In *Ketchum*, the California Supreme Court strongly reaffirmed the multiplier component of the lodestar multiplier method, emphasizing that risk multipliers are not windfalls, but are "earned compensation." 17 P.3d at 746. In this connection, the Court stated:

> Under our precedents, the unadorned lodestar reflects the general local hourly rate for a *feebearing* case; it does *not* include any compensation for contingent risk, extraordinary skill, or any other factors a trial court may consider under *Serrano III*. The adjustment to the lodestar figure, *e.g*. to provide a fee enhancement reflecting the risk that the attorney will not receive payment if the suit does not succeed, constitutes earned compensation; unlike a windfall, it is neither unexpected nor fortuitous. Rather, it is intended to approximate market-level compensation for such services, which typically includes a premium for the risk of nonpayment or delay in payment of attorneys fees.

*Id*. at 745-46 (emphasis in original). Among the factors the Court may consider are: "(1) the novelty and difficulty of the questions involved, (2) the skill displayed in presenting them, (3) the extent to which the nature of the litigation precluded other employment by the attorneys, [and] (4) the contingent nature of the fee award." *Id*. at 741; *see also Serrano III*, 569 P.2d at 1316; *Lealao*, 97 Cal. Rptr. 2d at 818-19. The "public service element, and motivation to . . . enforce laws" also justify a lodestar enhancement. *State v. Meyer*, 220 Cal. Rptr. 884, 891 (1985).

1    In the present case, Plaintiff submits that the very modest multiplier requested is well-
2 supported here given the risks associated with this case, the contingent nature of the
3 representation, the result achieved, and the quality of the representation.

4                    a)      *Counsel Took the Representation on a Pure Contingency Basis*

5    As discussed in *Ketchum*, a statutory fee that is limited to the hourly fee that would have
6 been paid by a fee-paying client, win or lose, is often *not* a reasonable attorney's fee by market
7 standards. *Ketchum*, 17 P.3d at 741-42. The purpose of a statutory fee "is to bring the financial
8 incentives for attorneys enforcing important . . . [rights] . . . into line with incentives they have to
9 undertake claims for which they are paid on a fee-for-services basis." *Id.* at 742  Risk multipliers,
10 in other words, are "intended to approximate market-level compensation for . . . services, which
11 typically includes a premium for the risk of nonpayment or delay in payment." *Id*. at 746; *see also*
12 *Cazares v. Saenz*, 256 Cal. Rptr. 209, 214 (1989) (noting that a lawyer negotiating a contingent
13 fee contract in a risky case will demand a higher percentage fee than a lawyer whose case
14 involves less risk).

15    Plaintiff's counsel clearly assumed risk in the present case, which they undertook solely
16 on a contingent basis with no guarantee of recovery. (Gertler Decl. ¶ 8; Label Decl. ¶ 12.) The
17 claims and defenses in this case raised a significant number of complex legal issues, and class
18 counsel took a substantial risk that they would not prevail on these issues and thus would not
19 recover a full fee. (Gertler Decl. ¶ 9; Label Decl. ¶ 12.) Included in this risk was a chance that
20 Plaintiff would be found inadequate or atypical because of he lacked of out-of-pocket repair costs
21 as well as a lack of property damage, or that he would not be able to establish that the leaks
22 resulted from a specific design defect. MBUSA has also strenuously denied pre-sale knowledge
23 of any defects. Moreover, there was risk that nationwide relief could not be obtained, or that
24 certification would not be maintained through trial. Finally, taking on this case precluded class
25 counsel from taking on other cases and employment in which payment may have been
26 guaranteed. (Gertler Decl. ¶ 8; Label Decl. ¶ 12.)

27
28

-9-
NOTICE OF MOTION AND MOTION FOR AWARD OF ATTORNEYS' FEES         Case No. 14-CV-2349 TEH
AND COSTS

### b) The Quality of Representation Was High

A small multiplier in the present case is also appropriate because "the quality of representation far exceeds the quality of representation that would have been provided by an attorney of comparable skill and experience billing at the hourly rate used in the lodestar calculation." *Ketchum*, 17 P.3d at 746. This case settled quickly, efficiently, on terms that provide complete relief for the class. Class counsel's prosecution of this action achieved a successful result with far less effort than might be expected, which warrants an enhancement. *Id*.

### c) The Result Achieved Is Excellent

The lodestar multiplier method has also always permitted an enhancement of the lodestar by a multiplier to reflect the result achieved. *Lealao*, 97 Cal. Rptr. 2d at 818. Here, Plaintiff achieved all of the relief that he set out to obtain; nothing was left on the table.

### d) The Case Promotes the Public Interest

As reflected in California Code of Civil Procedure section 1021.5, California has a strong public policy in favor of "encourag[ing] public interest litigation that might otherwise be too costly to pursue," and of ensuring that "worthy claimants [are not] silenced or stifled because of a lack of legal resources." *Folsom v. Butte County Ass'n of Governments*, 652 P.2d 437, 448 (1982); *see also Meyer*, 220 Cal. Rptr. at 891 (the "public service element, and motivation to represent consumers and enforce laws" justify lodestar enhancement); *Lealao*, 97 Cal. Rptr. 2d at 814 ("'[T]his kind of consumer class action litigation would not be pursued by counsel but for the expectation of receiving enhanced fee awards in successful cases.' [Citation.]").

The present case involves claims under the Consumers Legal Remedies Act and the Song Beverly Warranty Act, both of which are remedial statutes intended for the protection of consumers. *Oregel v. Am. Isuzu Motors, Inc.*, 109 Cal. Rptr. 2d 583, 589-90 (2001) ("The [Song Beverly Warranty] Act is a remedial measure intended for the protection of consumers and should be given a construction consistent with that purpose."); *Broughton v. Cigna Healthplans of California*, 988 P.2d 67, 74 (1999) ("The CLRA was enacted in an attempt to alleviate social and economic problems stemming from deceptive business practices."); Cal. Civ. Code § 1760. The requested multiplier, therefore, is appropriate given that Plaintiff's enforcement of these statutes

1  per force provides a public benefit that would not have otherwise accrued. *Meyer*, 220 Cal. Rptr.

2  at 891; *see also Broughton*, 988 P.2d 67, 76-77 ("the plaintiff in a CLRA damages action is

3  playing the role of a bona fide private attorney general").

4                                          e)        *The Requested Multiplier Is Reasonable*

5          The negotiated award represents counsel's lodestar plus a small multiplier of about 1.13.

6  A multiplier of this magnitude is at the lowest end of the range of multipliers often awarded by

7  the courts in connection with contingent fee, public interest litigation. California courts typically

8  award multipliers of 1.5 (150%) or higher. *See*, *e.g.*, *Chavez v. Netflix*, 75 Cal. Rptr. 3d 413, 434

9  (2008) (affirming attorneys' fee award including a multiplier of 2.5); *Wershba v. Apple*

10 *Computer*, 110 Cal. Rptr. 2d 145, 170 (2001) ("[m]ultipliers can range from 2 to 4 or even

11 higher") (citation omitted); *Coalition for L.A. County Planning v. Board of Supervisors*, 142 Cal.

12 Rptr. 766 (1977) (affirming 2.0 multiplier); *City of Oakland v. Oakland Raiders*, 249 Cal. Rptr.

13 606 (1988) (affirming a multiplier of 2.34). The requested multiplier, therefore, is eminently

14 reasonable. As Judge Davies from the Central District of California has noted, where "the fee was

15 negotiated at arms' length with sophisticated defendants by the attorneys who were intimately

16 familiar with the case, the risks, the amount and value of their time, and the nature of the result

17 obtained for the class . . . the Court [should be] reluctant to interpose its judgment as to the

18 amount of attorneys' fees in the place of the amount negotiated." *In re First Capital Holdings*

19 *Corp. Fin. Products Sec. Litig.*, MDL 901, 1992 WL 226321, at *4 (C.D. Cal. Jun. 10, 1992).

20         **C.**       **THE COST REQUEST IS REASONABLE AND APPROPRIATE**

21         Class counsel's costs as of May 10, 2016 are $18,662.55. (Gertler Decl. ¶¶ 16, 31; Label

22 Decl. ¶ 19.) As set out in the accompanying declarations of Jonathan Gertler and Anthony Label,

23 these costs—the majority of which were incurred for the filing and delivery of documents, expert

24 retention, and attorney travel—are itemized by category in the accompanying exhibits and

25 declarations, and are clearly reasonable in light of the fact that class members are geographically

26 dispersed and the volume of evidence in this case. The requested award, therefore, is reasonable.

27

28

IV. **CONCLUSION**

For all the foregoing reasons, the Court should grant Plaintiff's motion and award class counsel $1,000,000 in attorneys' fees and costs.

Respectfully submitted,

Dated: May 13, 2016

CHAVEZ & GERTLER LLP
BROWNSTEIN & THOMAS LLP
GOLD LAW FIRM

By: */s/*
    Dan L. Gildor

*Attorneys for Plaintiff Benjamin Robles and the Settlement Class*