UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIGBY ADLER GROUP, LLC, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>MERCEDES-BENZ U.S.A., LLC,<br><br>Defendant. | Case No. 14-cv-02349-TEH<br><br>**ORDER GRANTING MOTIONS FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND FOR ATTORNEYS' FEES AND COSTS** |

On February 1, 2016, Plaintiff Benjamin Robles ("Robles"), on behalf of himself and all others similarly situated, filed a Motion for Preliminary Approval of Class Action Settlement. ECF No. 64. Attached as Exhibit 1 to the Declaration of Jonathan E. Gertler in Support of Motion for Preliminary Approval of Class Action Settlement, ECF No. 64, was the Parties' Class Action Settlement Agreement and Release ("Settlement" or "Settlement Agreement"). Defendant Mercedes-Benz USA, LLC ("MBUSA") did not oppose the motion. ECF Nos. 65-67. The Court scheduled a hearing on Plaintiff's Motion for Preliminary Approval of Class Action Settlement for March 7, 2016. ECF No. 64.

On March 1, 2016, the Court entered an Order granting preliminary approval of the Settlement and vacating the hearing on Plaintiff's Motion for Preliminary Approval. ECF No. 68. As part of the same Order, the Court approved a plan of notice to be directed to Settlement Class members and set deadlines by which Settlement Class members were to opt-out, object, or request to be heard at the final approval hearing. ECF No. 68, ¶¶ 8-16. Additionally, the Court set a fairness hearing for August 29, 2016; instructed Class Counsel to submit any petition for payment of attorneys' fees and reimbursement of litigation costs and expenses no later than thirty days before expiration of the deadline for submitting opt-outs from and Objections to the Settlement Agreement, *id.* ¶ 18; and instructed the parties on submitting briefing regarding final approval of the Settlement, *id.* ¶ 19.

On May 13, 2016, Class Counsel filed a Motion for Award of Attorneys' Fees and Costs. ECF No. 69. Also, on May 15, 2016, Robles, on behalf of himself and on behalf of the Settlement Class, filed a Motion for Final Approval of Class Action Settlement. ECF No. 71. On August 29, 2016, the Court conducted a fairness hearing regarding final approval of the Settlement. ECF No. 74. No objectors were present at this hearing, and the parties did not manifest any objections to final approval of the Settlement.

The Court, having read the papers filed with regard to Plaintiff's Motion for Final Approval of Class Action Settlement and Plaintiff's separate Motion for Award of Attorneys' Fees and Costs, and after hearing argument regarding the motions on August 29, 2016, hereby FINDS AND ORDERS as follows:

1. The Court has jurisdiction over the subject matter of this litigation and over all parties to this Action, including the members of the Settlement Class.

2. The Court finds that the Settlement Agreement attached as Exhibit 1 to the Declaration of Jonathan E. Gertler, filed on August 15, 2016 (ECF No. 71) is the product of arm's length negotiations between the parties and that the terms of the settlement are fair, reasonable, adequate, and in the best interests of the settlement class. The Settlement Agreement is therefore finally APPROVED, and its terms are incorporated herein. The Court orders the parties to the Settlement Agreement to perform forthwith each of their obligations as set forth therein.

3. The following class, provisionally certified by the Court in its order granting preliminary approval, is hereby certified under Rule 23(b)(3) of the Federal Rules of Civil Procedure for purposes of settlement only:

> All current and former owners and lessees of model year 2010-2014 Mercedes-Benz and Freightliner Sprinter 2500 or 3500 vehicles with original-equipment rear air conditioning units who purchased or leased their Subject Vehicles in the United States.

Excluded from the Settlement Class are: Persons who validly and timely excluded themselves; persons who have settled with, released, or otherwise had claims adjudicated

on the merits against MBUSA that are substantially similar to those alleged in this matter; persons with only personal injury, wrongful death or property damage claims to property other than the Subject Vehicles, fixtures installed in the vehicles, or cargo transported in the vehicles, as a result of the defects alleged; employees of MBUSA; insurers or other providers of extended service contracts or warranties for the vehicles owned by Settlement Class Members; and the Honorable Thelton E. Henderson and members of his family.

4. Pursuant to this Court's Preliminary Approval Order filed March 1, 2016, ECF No. 68, the Notice of Pendency and Proposed Settlement of Class Action ("Notice") was mailed by first class mail on May 2, 2016, to 13,162 Class Members. Notices that were initially returned undeliverable were re-mailed to new addresses determined after investigation. An additional 91 Class Members were sent notice on May 27, 2016, and a final group of 22 Class Members were sent notice on July 8, 2016. The Notices advised the Class Members of the pertinent terms of the proposed settlement, namely, the claims to be resolved by way of the Settlement, the consideration for past claims and extended warranty for future claims, the proposed class representative incentive award, and the maximum amount for attorneys' fees and litigation costs. It further informed the Settlement Class Members of the manner in which to request exclusion or to object to the Settlement, the deadlines for each, and their right to appear in person or by counsel at the final approval hearing. Adequate periods of time were provided for each of these procedures as set forth in the Settlement Agreement approved by this Court.

5. Also in compliance with the Court's Preliminary Approval Order, the Settlement Administrator caused an informational settlement website to be established at http://www.rearacsettlement.com. The website allows Class Members opportunity to review the Settlement Agreement, the Court's Preliminary Order, the Notice, and to file a claim. The website also provides background and answers to common questions about the Settlement, deadlines, and ongoing updates to the class regarding the status of Settlement approval and whether the Effective Date has come to pass.

6. The Court finds and determines that this notice procedure afforded adequate protections to Settlement Class Members and provides the basis for the Court to make an informed decision regarding approval of the Settlement based on the responses of the Settlement Class Members. The Court finds and determines that the notice provided in this case was the best notice practicable, which satisfied the requirements of law and due process.

7. The class members listed in Exhibit C of the Wyatt Declaration attached as Exhibit 2 to the Gertler Declaration filed on August 15, 2016 (ECF No. 71) have each requested to be excluded from the Settlement Class. All Settlement Class Members were given a full and fair opportunity to participate in the Final Approval Hearing, and all members of the Settlement Class wishing to be heard have been heard. Members of the Settlement Class also have had a full and fair opportunity to exclude themselves from the Settlement and the Settlement Class. Accordingly, every Settlement Class Member, except for those excluded from the Settlement Class as defined above, shall be bound by the Settlement Agreement and be deemed to release and forever discharge all Released Claims as outlined in the Settlement Agreement. To effectuate the Settlement, the Court hereby orders that all Class Members who did not timely exclude themselves from the Settlement are barred, enjoined, and restrained from commencing, prosecuting, or asserting any Released Claim against MBUSA or any other Released Party.

8. The request for a class representative payment to Plaintiff Benjamin Robles is reasonable given the risks Plaintiff took and the amount of time Plaintiff spent in conjunction with prosecuting this case. The requested amount is also within the range of such awards approved in similar cases. Accordingly, the Court APPROVES the request for a class representative payment in the amount of $5,000 to be paid within the time frames set out in the Settlement Agreement to the care of Chavez & Gertler LLP.

9. Without affecting the finality of this Order or final judgment in any way, the Court retains jurisdiction over: (1) implementation and enforcement of the Settlement Agreement pursuant to further orders of the Court until the final judgment contemplated

hereby has become effective and each and every act agreed to be performed by the parties hereto shall have been performed pursuant to the Settlement Agreement; (2) any other action necessary to conclude this Settlement and to implement the Settlement Agreement; and (3) the enforcement, construction, and interpretation of the Settlement Agreement. Except as stated otherwise in this Order, this matter shall be dismissed with regard to MBUSA with prejudice.

10. Neither this Order nor the Settlement Agreement on which is it based are an admission or concession by any party of any fault, omission, liability, or wrongdoing. This Order is not a finding of the validity or invalidity of any claims in this action or a determination of any wrongdoing by any party. The final approval of the Parties' Settlement will not constitute any opinion, position, or determination of this Court, one way or the other, as to the merits of the claims or defenses of any party.

11. Plaintiff Benjamin Robles, along with the Settlement Class consisting of all class members who have not opted out shall take nothing from MBUSA except as set forth in the Settlement Agreement attached as Exhibit 1 to the Declaration of Jonathan E. Gertler filed on August 15, 2016 (ECF No. 71). The Court shall retain jurisdiction over the parties to interpret, implement and enforce this Settlement, and all other orders and judgments entered in connection therewith. The parties are hereby directed to implement the terms of the Settlement Agreement.

**IT IS SO ORDERED.**

Dated: 08/30/16

_____
THELTON E. HENDERSON
United States District Judge